**In the Matter of BARTON & LUDWIG, a Georgia Partnership, a/k/a Highway 41 Associates, Debtor.**

**Leroy T. LUDWIG, a/k/a Roy T. Ludwig, a/k/a L. T. Ludwig, Plaintiff,**

**v.**

**COLDWELL, BANKER & COMPANY and Chandler B. Barton, Defendants.**

**Bankruptcy No. 80–1286A.**

United States Bankruptcy Court,
N. D. Georgia,
Atlanta Division.

Feb. 20, 1981.

---

Frank B. Wilensky, Macey & Zusmann, Atlanta, Ga., for plaintiff.

C. Edward Dobbs, Kutak, Rock & Huie, Ralph Levy and Michael Eric Ross, King & Spalding, Atlanta, Ga., for defendants.

## MEMORANDUM IN SUPPORT OF ORDER

A. D. KAHN, Bankruptcy Judge.

Leroy T. Ludwig, the general partner of the alleged debtor in the above-styled Chapter 11 case who commenced the involuntary bankruptcy proceeding, and Plaintiff in the above-styled adversary proceeding, has filed motions in each action to disqualify the law firm of Kutak, Rock & Huie ("law firm") from any further representation of Chandler B. Barton, Ludwig's long time business associate and partner.

The court makes these general findings of fact and conclusions of law after a hearing on February 3, 1981, but may amplify them in the event of an appeal. This is done because both parties have urged the court for an expeditious ruling because of urgent pending litigation.

Ludwig's basic contention is that the law firm's current representation of Barton in the above-styled proceedings has created an unacceptable conflict of interest in view of its previous representation of Ludwig. Through his counsel, the law firm, Barton has answered the involuntary petition and has denied Ludwig's averments that Barton & Ludwig is not paying its debts as such debts become due. Barton has also obtained an extension of time to answer the adversary proceeding, and has responded to the subject motions through the law firm.

The law firm's past representation of Ludwig is more complex. The law firm represented Ludwig or his wife in connection with the purchase of a proposed home site in 1977 or 1978, and represented Ludwig when he obtained a substantial loan in 1980. These are not the only matters in which the law firm has provided legal counsel to Ludwig. Richard Hills, Jr., the attorney primarily responsible for handling the law firm's representation of Barton and Ludwig as individuals, "Barton & Ludwig," the partnership, "Barton & Ludwig, Inc.," the company, and numerous affiliated partnerships and corporations, stated in his affidavit, ". . . all other matters in which the Law Firm may have represented Ludwig were matters in which his interests were the same as those of Barton, the Partnership, the Company or one of the Affiliates." The record before the court demonstrates some specifics of the joint representation admitted to by Hills somewhat ambiguously in his affidavit.

The law firm served as special counsel to both Barton and Ludwig in connection with the sale of certain shares of stock by them to Coldwell, Banker & Company on or about December 31, 1978. The "Acquisition Agreement" itself has not been tendered into evidence, but a Memorandum to Barton and Ludwig from Hills, dated December 18, 1978, demonstrates that Barton and Ludwig made various warranties and representations to Coldwell, Banker & Company, in connection with the sale of the stock. In effect Coldwell, Banker acquired all of the stock of Barton & Ludwig, Inc., Barton & Ludwig Mortgage Corporation, and Southeastern Title Company, from Barton and Ludwig.

Coldwell, Banker issued certain promissory notes payable jointly to Barton and Ludwig in connection with the stock acquisition. These notes are the subject of the adversary proceeding initiated by Ludwig against Coldwell, Banker and Barton. Barton and Ludwig entered into an "escrow agreement" with the law firm on January 10, 1979, in which they deposited four promissory notes of Coldwell, Banker with the law firm. The law firm was given the right to receive all payments of principal and interest due under the notes under the terms of the escrow agreement. The escrow agreement authorized the law firm to take certain actions, but "In the event of a dispute or disagreement between the parties as to any action to be taken by Escrow Agent," the escrow agreement required the law firm to tender the notes and other related properties into the custody of the Superior Court of Fulton County. Plaintiff's Exhibit 1, page 4. The purpose of the escrow agreement was to provide Barton and Ludwig, sole partners of "Barton & Ludwig," the Georgia partnership which the law firm also represented, with a method for payment of certain joint and several partnership liabilities, as the Escrow Agreement stated that "the Partners are contemplating the dissolution of such partnership and the liquidation of its assets." Plaintiff's Exhibit 1, page 1.

■ It is clear that Ludwig, now represented by Macey & Zusmann, is a former client of the law firm, which is here representing Barton. When a former client seeks to disqualify an attorney appearing on behalf of his adversary, the former client "need only to show that the matters embraced within the pending suit are *substantially related* to the matters or cause of action wherein the attorney previously represented him, . . . ." *Brennan's, Inc. v. Brennan's Restaurants, Inc.*, 590 F.2d 168, 171 (5th Cir. 1979), quoting *Wilson P. Abraham Construction Corp. v. Armo Steel Corp.*, 559 F.2d 250, 252 (5th Cir. 1977).

■ There is no question that the matters embraced in the Chapter 11 proceeding, which involve the assets, liabilities, and financial dealings of the partnership, and the adversary action, the subject matter of which is promissory notes issued by Coldwell, Banker jointly to Barton and Ludwig, are substantially related to the matters in which the law firm previously represented Ludwig.

The law firm has attempted to emphasize its role under the escrow agreement as merely an escrow agent, and has asserted that this role does not involve legal representation. This role is just one role in the whole continuing attorney-client relationship that the parties and the law firm have enjoyed in past years.

The previous *joint* representation of Barton, Ludwig, Barton & Ludwig, Inc., Barton & Ludwig, the partnership, and affiliated entities, to which Hill alludes in his affidavit, does not now insulate the law firm from its ethical duties to its former client, Ludwig, so as to allow the law firm to continue its representation of Barton in the pending litigation over Ludwig's objection. *Id.* in *Brennan's, supra,* the Fifth Circuit recognized the principle that attorneys have an obligation not to use information acquired in the course of representation of a client to that client's disadvantage. ABA Code of Professional Responsibility, EC 4–5 (1970). That principle governs here. Although the law firm's previous representation of Ludwig may have revolved around matters in

which Ludwig's interests were at the time the same as those of Barton, the law firm undoubtedly acquired information in the course of that representation which could and may be used to Ludwig's disadvantage in the instant proceedings. "The need to safeguard the attorney-client relationship [Ludwig's and the firm's] is not diminished by the fact that the prior representation was joint with the attorney's present client." 590 F.2d at 172.

The circumstances at bar also call for the application of Canon 9 of the ABA Code of Professional Responsibility, noted in *Brennan's, supra,* that attorneys "should avoid even the appearance of professional impropriety." ABA Code of Professional Responsibility, Canon 9 (1970).

The law firm's or Hills' representation for almost a decade of the individuals, Barton and Ludwig, the partnership, Barton & Ludwig, the corporation, Barton & Ludwig, Inc., and their many affiliated entities; the sale of securities to Coldwell, Banker; and the continuing role as an escrow agent in that transaction, compel the court to find that the firm's relationship with Messrs. Barton and Ludwig is inextricably intertwined, and its representation of Barton in the matters complained of by Ludwig before this court is tainted.

Accordingly, this court finds that inasmuch as Kutak, Rock & Huie formerly represented Ludwig, and that representation is substantially related to the above-styled matters pending in this court, in which Kutak, Rock & Huie is representing Barton, Ludwig's motions to disqualify Kutak, Rock & Huie in the above-styled actions on behalf of Chandler B. Barton, must be, and the same are, hereby GRANTED.

An appropriate order is contemporaneously entered herewith.