## (April 23, 1981)

■ IRENE DESBIENS, Individually and as Administratrix of the Estate of FREDERICK A. DESBIENS, Deceased, Respondent, v FORD MOTOR COMPANY, Appellant. — Appeal from an order of the Supreme Court at Special Term, entered December 3, 1979 in Franklin County, which granted plaintiff's motion to disqualify the law firm of Fischer and Hughes from representing defendant. The sole issue presented on this appeal is a narrow one, collateral to the underlying litigation. Did Special Term properly conclude that the firm of Fischer and Hughes was disqualified from representing defendant Ford in this lawsuit? While the issue is not novel, it is not frequently presented. It is, however, a significant one since it presents a conflict between two basic principles of law, i.e., the right of one to be represented by an attorney of his choice, and the rule that an attorney is prohibited from representing a client where there may be a conflict of interest or under circumstances giving such an appearance. The facts giving rise to this litigation are substantially undisputed. On April 23, 1977, Frederick Desbiens and Dennis Tatro suffered fatal injuries when the Mercury automobile in which they were riding was struck from the rear by another vehicle. Both estates retained a local attorney and thereafter, due to personal family problems, the attorney transferred his negligence files, including the instant one, to the firm of Fischer and Hughes. After reviewing the file, Fischer and Hughes wrote the forwarding attorney and Mrs. Desbiens that from their analysis of the file it appeared that the estates may have causes of action against each other and, consequently, they had decided only to represent the Tatro estate if so requested since they had talked with a representative of that estate. Ultimately, however, they represented neither and returned the complete file to a representative of the Tatro estate. The file was never produced in this proceeding and its whereabouts is unknown. Subsequently, the Desbiens estate settled its lawsuit against the driver of the other vehicle involved in the accident and brought the present proceeding against Ford based on products liability. The instant motion was thereafter brought by plaintiff to have the firm of Fischer and Hughes disqualified from representing Ford. After a hearing, Special Term granted the motion and this appeal followed. A resolution of this sensitive issue requires a balancing of the interest of defendant Ford to retain an attorney of its own choice against the plaintiff's right to be free from the risks of opposition by an attorney once privy to her confidences. At the outset, we note that there is no claim of intentional impropriety on the part of Fischer and Hughes and the record clearly demonstrates no such impropriety. Plaintiff, however, is entitled to more. She is entitled to freedom of apprehension and to certainty that her interests will not be prejudiced in consequence of Fischer and Hughes' prior examination of the file in this case. Furthermore, an attorney must avoid not only the fact, but even the appearance of representing conflicting interests (see *Cardinale v Golinello*, 43 NY2d 288, 296; *Edelman v Levy*, 42 AD2d 758). Considering the record in its entirety, and particularly the fact that

both actions arise out of the same accident and many of the legal issues are related, we are of the opinion that Special Term properly granted the motion. There must, therefore, be an affirmance. Order affirmed, with costs. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.