**In the Matter of William H. DAVIS, Individually and f/d/b/a Davis Electric & Plumbing Supply Co., Debtor.**

**In re William H. DAVIS, Individually and f/d/b/a Davis Electric & Plumbing Supply Co., Debtor.**

**COOK BANKING COMPANY, Plaintiff,**

v.

**William H. DAVIS, Defendant.**

**Bankruptcy Nos. 83–51159–Mac, 83–51159–Mac.**
**Adv. No. 84–5006.**

United States Bankruptcy Court,
M.D. Georgia,
Macon Division.

June 21, 1984.

Claude W. Hicks, Bush, Crowley, Hicks & Leverett, Macon, Ga., for William H. Davis.

Kenneth R. Fielder, Cochran, Ga., W. Lonnie Barlow, Arnold & Barlow, Cochran, Ga., for Cook Banking Co.

## MEMORANDUM OPINION ON MOTION TO DISQUALIFY ATTORNEY AS COUNSEL FOR CREDITOR

ROBERT F. HERSHNER, Jr., Bankruptcy Judge.

### STATEMENT OF THE CASE

On October 31, 1983, Debtor William H. Davis, individually and formerly doing business as Davis Electric & Plumbing Supply Co., filed his voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code. On January 23, 1984, Cook Banking Company, Plaintiff, filed a "Complaint to Determine Dischargeability of Debt." The complaint is signed by Mr. Alvin W. Arnold and Mr. Kenneth R. Fielder as attorneys for Plaintiff.

Before the Court is the "Motion to Disqualify Attorney as Counsel for Creditor" filed by Debtor on May 11, 1984. The motion requests the Court to disqualify Mr. Fielder from serving as counsel for Plaintiff because of Mr. Fielder's prior representation of Debtor. The motion came on to be heard by the Court on May 29, 1984, and the Court, having considered the evidence presented at the hearing, now publishes its findings of fact and conclusions of law.

### FINDINGS OF FACT

Beginning in 1979, Debtor began employing Mr. Fielder as his personal attorney and as attorney for his business, Davis Electric & Plumbing Supply Co. From 1979 until November of 1983, Mr. Fielder represented Debtor in approximately eight lawsuits to collect accounts receivable, and also represented Debtor on legal matters involving certain real estate rented out by Debtor. Mr. Fielder also represented Debtor in eight lawsuits brought against Debtor. Between January 8, 1982, and March 3, 1983, Debtor drew seven checks made payable to Mr. Fielder in the total amount of $3,082.22, representing payment to Mr. Fielder for legal services and settlement of certain of the lawsuits against Debtor. On March 28, 1983, Mr. Fielder mailed a bill to Debtor in the amount of $300.00 for legal services rendered, which bill has not been paid by Debtor.[1] Between 1979 and 1983, Mr. Fielder was the only attorney used by Debtor.

During the course of the professional relationship, Debtor, on several occasions, told Mr. Fielder about his financial condition. Debtor testified that he told Mr. Fielder of the circumstances that led to his filing in bankruptcy. He testified that Mr. Fielder advised him to take certain precautions prior to the bankruptcy filing, and that Mr. Fielder advised him to retain a bankruptcy lawyer in Macon, Georgia. Debtor testified that Mr. Fielder assisted him in transferring some real estate to his wife during the two years preceding the bankruptcy filing. Mr. Fielder denies ad-

---

1. Debtor scheduled Mr. Fielder as a creditor for $300.00.

vising Debtor about bankruptcy, but does not deny assisting Debtor with the transfer of real estate.

At the time of the bankruptcy filing on October 31, 1983, Mr. Fielder was attorney of record for Debtor in a lawsuit pending against Debtor in the Superior Court of Bleckley County, Georgia. By letter dated November 5, 1983, Mr. Fielder requested that the Clerk of the Bleckley County Superior Court remove him as attorney of record for Debtor. Mr. Fielder questioned Debtor at the 341(a) meeting of creditors held on December 14, 1983, and filed this adversary proceeding on January 23, 1984.

The complaint to determine dischargeability of debt filed by Mr. Fielder alleges that Plaintiff was induced to make loans to Debtor based upon certain false security agreements. Specifically, Plaintiff alleges that Debtor did not own certain farm equipment that he pledged to Plaintiff as collateral. Plaintiff requests that the Court declare Debtor's debt to Plaintiff nondischargeable in bankruptcy under 11 U.S.C.A. § 523(a)(2)(B) (West 1979).[2] The complaint also alleges that under 11 U.S.C.A. § 523(a)(6) (West 1979), Debtor caused willful and malicious injury to inventory in which Plaintiff had a security interest.

Debtor admits that he did not specifically consult with Mr. Fielder about his loans from Plaintiff. When asked how the prior representation was related to this adversary proceeding, Debtor stated that Mr. Fielder was intimately familiar with his dealings and financial condition. Debtor did not testify as to any specific information disclosed to Mr. Fielder upon the ground that such information is protected by the attorney-client privilege.

Mr. Fielder does not have the consent of Debtor to prosecute this adversary proceeding.

## CONCLUSIONS OF LAW

The American Bar Association's Code of Professional Responsibility governs the conduct of lawyers practicing before the federal courts, and it is a guideline for the federal courts to follow in the regulation of their affairs. *Brennan's, Inc. v. Brennan's Restaurants, Inc.*, 590 F.2d 168, 172 n. 5 (5th Cir.1979); *Woods v. Covington County Bank*, 537 F.2d 804, 810 (5th Cir.1976). The American Bar Association's Code of Professional Responsibility is applicable to the disqualification of attorneys in bankruptcy proceedings. *Kraft, Inc. v. Alton Box Board Co. (In re Corrugated Container Antitrust Litigation)*, 659 F.2d 1341, 1349 (5th Cir.1981) (Unit A); *In re Philadelphia Athletic Club, Inc.*, 20 B.R. 328, 336 (Bkrtcy.E.D.Pa.1982).

Canon 4 of the Code of Professional Responsibility provides: "A Lawyer Should Preserve the Confidences and Secrets of a Client." Canon 4 prevents a lawyer from representing a client in a legal action against one of his former clients where there is a substantial relationship between the two representations.[3] *Kraft, Inc.*, 659 F.2d at 1344; *Paro v. Tetzlaff (In re Tetzlaff)*, 31 B.R. 560, 562 (Bankr.E.D.Wisc.1983); *Ludwig v. Coldwell, Banker & Co. (In re Barton & Ludwig)*, 9 B.R. 222, 224 (Bankr.N.D.Ga.1981). To be substantially related to a pending action, the prior legal representation "need only be akin to the present action in a way reasonable persons would understand as important to the issues involved." *Kraft, Inc.*, 659 F.2d at

---

**2.** Although the issue is not before the Court, it may be that this adversary proceeding should be brought under 11 U.S.C.A. § 523(a)(2)(A) (West 1979). *See* 3 Collier on Bankruptcy ¶ 523.09[3] (15th ed. 1984).

**3.** The rationale for disqualifying a lawyer under Canon 4 is stated by the court in *Brennan's, Inc.* as follows:

The obligation of an attorney not to misuse information acquired in the course of representation serves to vindicate the trust and

reliance that clients place in their attorneys. A client would feel wronged if an opponent prevailed against him with the aid of an attorney who formerly represented the client in the same matter. As the court recognized in *E.F. Hutton & Co. v. Brown*, 305 F.Supp. 371, 395 (S.D.Tex.1969), this would undermine public confidence in the legal system as a means for adjudicating disputes....

590 F.2d at 172.

1346. If a substantial relationship is found, a conclusive presumption arises that confidential information has been given to the attorney. *Id.* at 1347. Under the substantial relationship test, doubts on the existence of a conflict of interest should be resolved in favor of disqualification. *In re Whitney-Forbes, Inc.,* 31 B.R. 836, 838–39 (Bkrtcy.N.D.Ill.1983).

█ In this adversary proceeding, the Court is of the opinion that Mr. Fielder's prior representation of Debtor is substantially related to this adversary proceeding. First, the Court notes a substantial attorney-client relationship over a four-year period. *See Kraft, Inc.,* 659 F.2d at 1346–47. Mr. Fielder represented Debtor in numerous civil actions and in the transfer of real estate. In fact, Mr. Fielder was the attorney of record for Debtor in a pending civil action in state court at the time Debtor filed his bankruptcy petition.

Moreover, Debtor disclosed to Mr. Fielder his financial condition and dealings. These are matters that had to be considered by Debtor in deciding whether to file bankruptcy. Also, since this adversary proceeding is, in part, based on the false financial statement provision of 11 U.S.C.A. § 523(a)(2)(B) (West 1979), Mr. Fielder could use confidences about Debtor's financial condition to prove that Debtor's representations in the financial statement were false. Because of the confidences, Mr. Fielder can investigate and probe Debtor's financial dealings more easily than counsel not privy to the confidential information. The dischargeability complaint is also based on willful and malicious injury to Plaintiff's property. If Mr. Fielder is aware of Debtor's financial dealings, it may be that such information may be used

in this adversary proceeding on the issue of willful and malicious injury.[4]

█ The Court notes that Debtor refused to disclose the specific information provided to Mr. Fielder. The former Fifth Circuit addressed this issue in *Kraft, Inc.* After it is shown that the former representation and the later adverse representation are substantially related, a conclusive presumption arises that confidences were disclosed to the lawyer. The former Fifth Circuit noted:

> The presumption avoids compelling the former client to prove the very things that he seeks to keep confidential. If the presumption were rebuttable, that is, if the attorney could attempt to prove that he did not recall any disclosure of confidential information, or that no confidential information was in fact disclosed, this could also defeat the purpose of keeping the client's secrets confidential. The confidences would be disclosed during the course of rebutting the presumption by the attorney, or if the presumption was considered rebutted, the client might again be put into the anomolous position of having to show what confidences he entrusted to his attorney in order to prevent those confidences from being revealed....

*Kraft, Inc.,* 659 F.2d at 1347. The Court being of the opinion that the former representation and the present adversary proceeding are substantially related, it will order Mr. Fielder disqualified in this adversary proceeding.[5]

█ The Court notes in closing that it does not question the good faith of Mr. Fielder. The canons of ethics are guidelines for professional conduct, and public confidence in the judicial system demands that they be strictly applied.

---

4. The Court also notes that there is a conflict in the evidence as to whether Mr. Fielder advised Debtor on bankruptcy matters and, in particular, whether Mr. Fielder advised Debtor about dischargeability and nondischargeability of debts. The Court need not resolve this conflict since it has found the former representation to be substantially related to this adversary proceeding on other grounds.

5. The Court is of the opinion that Mr. Fielder also would be disqualified under Canon 9 of the Code of Professional Responsibility, which provides that a lawyer should avoid "even the appearance of professional impropriety." *See In re The Cropper Co., Inc.,* 35 B.R. 625, 631–32 (Bkrtcy.M.D.Ga.1983).