**In re Joseph GOETZ a/k/a Joe Goetz, Debtor.**

**Bankruptcy No. WF7–84–00826.**

United States Bankruptcy Court,
W.D. Wisconsin.

Sept. 5, 1984.

Kelley, Weber, Pietz & Slater, S.C., Wausau, Wis., for debtor.

Mallery Law Offices, S.C., Wausau, Wis., for Citizens Bank & Trust Company.

Arthur L. Eberlein, Wausau, Wis., for trustee.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDERS (1) GRANTING DEBTOR'S MOTION IN PART (2) AWARDING ATTORNEYS' FEES (3) FOR HEARING FORTHWITH

WILLIAM H. FRAWLEY, Bankruptcy Judge.

Debtor Joseph Goetz, by Kelley, Weber, Pietz & Slater, S.C., having filed a Motion for Orders (a) disqualifying Attorney Thomas F. Mallery from representing Citizens Bank & Trust Company (the Bank) in this proceeding and (b) permitting any lifting of the automatic stay in favor of the Bank only upon the condition that Attorney Mallery not represent the Bank in any subsequent foreclosure litigation; and the matter coming on for a hearing; and the Debtor appearing by counsel; and the Bank appearing by Mallery Law Offices, S.C.; and Attorney Arthur L. Eberlein, Trustee, appearing on his own behalf; and briefs having been filed; the Court, being fully advised in the premises, FINDS THAT:

1. The Court, for the purpose of ruling on the Debtor's Motion, will accept the pertinent portions of Attorney Mallery's August 13, 1984 affidavit:[1]

3. That for approximately two (2) years prior to May 18, 1983, I represented Joseph Goetz and Goetz Investments, Inc., in various matters which now have all been completed. These matters were all collection matters and contained the following Court names and files: ...

4. In spring[2] of 1983, Joseph Goetz advised me that he was in default on

---

1. To the extent that the Court rules in the Debtor's favor, any conflict between Attorney Mallery's affidavit and the opposing affidavit of the Debtor need not be resolved. To the extent that the Court rules against the Debtor's counsel, there is no opposing affidavit. *Cf.* footnote 3 *infra.*

2. (By the Court) This Court takes judicial notice of the fact that Spring includes the months of March, April and May. Fed.R.Evid. 201.

various loan obligations at Citizens Bank & Trust and asked me to discuss with Citizens a proposal whereby Goetz would give additional security if Citizens would extend the existing loans which were then in default for a period of one (1) year. I discussed this proposal with Citizens and Citizens rejected the Goetz proposal.

5. After Citizens rejected Goetz's proposal, I was requested by Citizens to represent Citizens in collection efforts against Goetz. I immediately wrote Goetz the letter dated May 12, 1983, [Appendix A to this Decision], in order to give him disclosure and to set up a meeting in which to give him full disclosure.

6. On May 17, 1983, I met with Joseph Goetz and discussed the contents of my May 12, 1983, disclosure letter to him and I gave a full disclosure of a possible conflict of interest. It was decided at that meeting by Goetz that there was no conflict of interest and that if in fact a conflict of interest existed, it would be waived. I provided Joseph Goetz with the names of other attorneys that I felt would represent his interest fully and Joseph Goetz chose Attorney Colin Pietz of Kelley, Weber, Pietz & Slater, S.C., to represent him. I advised Joseph Goetz to immediately contact Attorney Pietz and retain him. Joseph Goetz specifically requested that I retain representation of him in the above-mentioned lawsuits.

7. At the May 17, 1983, disclosure meeting I provided Mr. Goetz with the original of the Waiver of Conflict of Interest and Consent of Representation and asked him to take it home for his review. [Appendix B to this Decision].

8. On May 18, 1983, I again met with Joseph Goetz and he signed the Waiver and Consent to Representation described above ... I then sent him a copy with the cover letter dated May 18, 1983, [Appendix C to this Decision].

9. I immediately [3] contacted Attorney Colin Pietz regarding his representation of Joseph Goetz and advised Attorney Colin Pietz of the Waiver and Consent of Representation signed by Mr. Goetz. I specifically requested Colin Pietz to review the situation and to advise me if that in his opinion I should not go forward with the representation of Citizens Bank & Trust as I did not want to be forced to withdraw at a later date once I took the case. Attorney Colin Pietz advised me that he had no objection to my representation of Citizens.

10. ... I obtained no confidential information and did not advise Mr. Goetz regarding his loans with Citizens Bank & Trust.

2. The Court, for the purpose of ruling on the Debtor's Motion, will also accept the pertinent portions of the August 10, 1984, affidavit of Gary R. Ratts, Senior Loan Officer for the Bank:

4. That [the Bank] relied upon the Waiver and Consent of Representation ... in its retention of Thomas F. Mallery of Mallery Law Offices, S.C., in representing them in various Joseph Goetz collection matters.

5. That Thomas F. Mallery has represented Citizens in the Goetz collection matters since May 19, 1983 (approximately 1½ years) and for him to withdraw in August 1984, would be to Citizens' great financial detriment in that Citizens would have to hire new counsel and pay their new attorney to learn the complicated facts of the case.

3. The Bank, by Attorney Mallery, has moved for the lifting of the automatic stay. *See* 11 U.S.C. sec. 362(d).

### Discussion

4. "The federal courts have the inherent power to regulate the admission, practice, and discipline of attorneys." 32 Am. Jur.2d *Federal Practice and Procedure* sec. 145 (1982) (footnote omitted); *see First Wis. Mtg. Trust v. First Wis. Corp.* 571 F.2d 390, 396 (7th Cir.1978) (District

---

3. (By the Court) "Mr. Goetz first consulted his present lawyers on May 25, 1983." Brief in Support of Debtor's Motion 2 (filed Aug. 3, 1984).

Court's power [4] ), *reh'g. on other grounds,* 584 F.2d 201, 203 (en banc); *see e.g. Marketti v. Fitzsimmons,* 373 F.Supp. 637 (W.D. Wis.1974) (District Court); *In re Chantilly Const. Corp.,* 39 B.R. 466 (Bankr.E.D.Va. 1984) (Bankruptcy Court); *In re Davis,* 40 B.R. 163 (Bankr.M.D.Ga.1984) (Bankruptcy Court).

### 5. *Disqualification.*

For rather obvious reasons a lawyer is prohibited from using confidential information that he has obtained from a client against that client on behalf of another one. But this prohibition has not seemed enough by itself to make clients feel secure about reposing confidences in lawyers, so a further prohibition has evolved: a lawyer may not represent an adversary of his former client if the subject matter of the two representations is "substantially related," which means: if the lawyer could have obtained confidential information in the first representation that would have been relevant in the second. It is irrelevant whether he actually obtained such information and used it against his former client ... [5]

*Analytica, Inc. v. NPD Research, Inc.,* 708 F.2d 1263, 1266 (7th Cir.1983).

■ 6. It is clear to this Court that the subject of Attorney Mallery's representation of the Debtor in the Spring of 1983, *i.e.* collection of the Bank's debt, paragraph 1 (number 4) *supra,* was substantially related—in fact, identical—to the subject of Attorney Mallery's current representation of the Bank, paragraphs 1 (number 5), 2 & 3 *supra.*

7. Accordingly, without regard to Attorney Mallery's representation of the Debtor in other matters, paragraph 1 (number 3), Attorney Mallery may not represent the Bank in these proceedings because he could have obtained confidential information from Debtor while representing the Debtor during negotiations with the Bank (*e.g.,* the Debtor's negotiating strategy).

8. *Consent and Waiver.* This Court will assume that a client's clear waiver of objection is a defense to a client's motion for disqualification which is based upon the use of confidential information. *See Marketti,* paragraph 4 *supra,* at 639 ("Absent a clear waiver of objection to potential conflicts ... disqualification" is required). *But see Westinghouse,* footnote 4 *supra,* at 228 (the "waiver argument depends on the underlying proposition that a client would, or even may, authorize an attorney to utilize" confidential information), *id.* at 229 ("... we hold that a simple consent ... is not a defense to [a] motion for disqualification ...").

9. In March, April or May of 1983, Attorney Mallery, the Bank's "primary counsel" [6] on collection matters, represented the Debtor in negotiations with the Bank in a collection matter. Paragraph 1 (Number 4). On Thursday, May 12, 1983—less than three months after the negotiations took place—Mallery sent a letter to the Debtor indicating that Mallery had been retained by the Bank to collect against the Debtor and that legal action was planned for the following week; Mallery also asked for a conference with the Debtor "to discuss any conflict of interest" and to resolve the

---

**4.** The Bankruptcy Court is a unit of the District Court. Section 104(a) of the Bankruptcy Amendments and Federal Judgeship Act of 1984, 28 U.S.C. sec. 151.

**5.** (By this Court) "The substantial relationship rule embodies the substance of Canons 4 [, 'a lawyer should preserve the confidences and secrets of a client',] and 9 [, 'a lawyer should avoid even the appearance of professional impropriety',] of the A.B.A. Code of Professional Responsibility." *Westinghouse Elec. Corp. v. Gulf Oil Corp.,* 588 F.2d 221 (7th Cir.1978) *See generally* Wis.Sup.Ct.R. 20.21 (Canon 4 of the A.B.A. Code) & Wis.Sup.Ct.R. 20.48 (Canon 9 of the

A.B.A. Code). *Cf.* Rules 1.6–1.9 of the A.B.A. Model Rules of Professional Conduct.

In light of the disposition of this case upon the irrebutable presumption of confidential information, the Court need not determine whether any of the events set forth in Paragraph 9, *infra,* would require disqualification under Canon 5 of the A.B.A. Code ("A Lawyer Should Exercise Independent Professional Judgment on Behalf of a Client"). *See generally* Wis.Sup.Ct.R. 20.23 (Canon 5 of the A.B.A. Code). *Cf.* Rules 1.7 & 1.8 of the A.B.A. Model Rules.

**6.** Appendix C of this Decision, paragraph 4.

Bank loan problems. Appendix A of this Decision. Four working days later the Debtor met with Mallery who, as the Debtor's counsel, discussed several pending matters *and,* as the Bank's counsel, discussed the conflict of interest issue. The Debtor, without the advice of counsel, consented to Mallery's representation of the Bank. Appendix C of this Decision; Paragraph 1 (Number 6) *supra.* The next day the Debtor again met with Mallery and signed a "Consent, Waiver and Authorization" drafted by Mallery's office. Appendix B of this Decision; Paragraph 1 (Numbers 7 & 8) *supra.*

■ 10. The Consent—signed by a client who wished to retain Mallery's services in other matters, Paragraph 1 (Number 6)[7], *supra,* who had less than four days' notice of Mallery's representation of the Bank and of the Bank's intention to take immediate legal action and who was not represented by counsel—can not overcome the "public interest [which] dictates that cases of doubt involving representation of interests adverse to former clients on matters substantially related to prior representation of these clients, be resolved in favor of disqualification of counsel." *Koehring Co. v. Manitowoc Co., Inc.,* 418 F.Supp. 1133, 1138 (E.D.Wis.1976).

■ 11. *Reliance.* Overriding public policy concerns prevent the doctrine of Laches from operating to bar a motion to disqualify. *In re Corrugated Container Antitrust Litigation,* 659 F.2d 1341, 1348 (5th Cir.1981). However, equally weighty public concerns require that one be bound by statements which induce another to undertake definite and substantial action. 28 Am.Jur.2d *Estoppel and Waiver* sec. 68 (1966); *cf.* 17 Am.Jur.2d *Contracts* sec. 89 (1964) (waiver or estoppel; doctrine of promissory estoppel).

■ 12. Here, the statements of Colin Pietz of Kelley, Weber, Pietz & Slater, S.C., induced the continuing representation of the Bank by Attorney Mallery. Paragraph 1 (Number 9), *see* Paragraph 2.

13. Accordingly, Jerry W. Slater of Kelley, Weber, Pietz & Slater, S.C., now representing the Debtor, should not be heard to argue that Attorney Mallery's representation is improper.

14. The Court believes that the public policies bearing upon this case may be furthered by the following equitable remedies:

(A) the granting of the Debtor's Motion for an Order disqualifying Attorney Mallery and

(B) an award of attorneys' fees against Kelley, Weber, Pietz & Slater, S.C., in favor of the Bank, *see* paragraph 4 *supra; Analytica,* paragraph 5 *supra,* at 1269–1270 (law firm's bad faith in litigating disqualification question subject to sanction).

■ 15. *Conditioning Lifting of Stay.* This Court's power to modify or condition the automatic stay under 11 U.S.C. sec. 362(d) is limited to the economic concerns expressed in Title 11 of the United States Code. 11 U.S.C. sec. 105(a).

■ 16. This Court's inherent power to regulate its bar does not extend to other forums. *See* 7 Am.Jur.2d *Attorneys-at-Law* sec. 2 (1980) (power of state to regulate law practice).

## CONCLUSIONS OF LAW

1. Attorney Mallery's representation of the Bank in these proceedings must cease. *Analytica,* paragraph 5 *supra.*

2. The "Consent, Waiver and Authorization" signed by the Debtor can not overcome the *Analytica* rule.

3. Imposition of sanctions against Kelley, Weber, Pietz & Slater, S.C., is proper in this case.

■ 4. This Court may not condition any lifting of the automatic stay upon a limitation of Attorney Mallery's practice in state courts.

**7.** *Cf.* Paragraph 2 (Number 5) *supra* (hardship   of losing counsel).

## ORDERS

IT IS ORDERED THAT the Motion of Joseph Goetz for an Order disqualifying Attorney Thomas F. Mallery from representing Citizens Bank & Trust Company in this proceeding be, and the same hereby is, GRANTED;

IT IS FURTHER ORDERED THAT the Bank file a claim within ten days for its attorneys fees in this matter since May 25, 1983, with copies to Kelley, Weber, Pietz & Slater, S.C.

IT IS FURTHER ORDERED THAT a hearing on the merits of the Citizens Bank & Trust Petition to Terminate Automatic Stay be forthwith noticed by the Court.

## APPENDIX A

### LAW OFFICES

Mallery & McCartan, S.C.

101 GRAND AVENUE P.O. BOX 1405

WAUSAU, WISCONSIN 54401

(715)845–8234

May 12, 1983

Mr. Joseph Goetz

Goetz Investments, Inc.

700 Grand Avenue

Wausau, WI 54401

RE: Citizens Bank & Trust vs. Joseph Goetz

Dear Mr. Goetz:

Citizens Bank & Trust has retained this office to assist them in collection of outstanding accounts which either you, Goetz Investments, Inc., Kathryn Goetz or yourself and Mr. Dowty owe Citizens Bank & Trust. I enclose a schedule of the various loans showing the loan number, description, original amount, rate, maturity, balance, paid to, due as of 5/16/83, guarantors and taxes due. I also enclose a schedule of outstanding cases venued in Marathon County that possibly could result in a judgment against you which would have a priority lien on your real estate above and beyond the outstanding money owed Citizens on individual properties.

I have advised Citizens Bank & Trust that this office has performed legal services for you in the past and is presently working on two problems in Portage County relating to the apartment building which you sold to the Portage County Housing Authority and the Macor Great Lakes mechanics lien judgment in Marathon County.

Our office has reviewed our involvement in these files and we do not find a conflict of interest. However, we would like to discuss this action with you to review your position and to discuss any conflict of interest.

As I am sure you are aware, Citizens Bank & Trust uses various law firms in solving its legal matters and if we did not accept said representation, they would retain some other law firm such as the Terwilliger law firm.

Citizens Bank & Trust hopes to resolve their loan problems with you without necessity of legal action but is prepared to take that action during the week of May 16, 1983. I therefore suggest that we have a conference in the early part of the week and ask that you schedule an appointment.

Sincerely,

THOMAS F. MALLERY

TFM:cjs

Enclosures

cc: Van Driessen

## APPENDIX B

### CONSENT, WAIVER AND AUTHORIZATION

The undersigned Joseph Goetz, individually, as partner and as an officer of Goetz Investments, Inc. and Nationwide Investments, hereby consents, agrees and authorizes the law firm of Mallery & McCartan, S.C. to pursue collection remedies of any nature whatsoever on behalf of Citizens Bank & Trust against Joseph Goetz, Goetz Investments, Inc. and real estate owned by Joseph Goetz and Navi Dowty. This authorization is given after a full disclosure of

the facts as shown in a May 12, 1983, correspondence addressed to Joseph Goetz by Attorney Thomas F. Mallery, a conference on May 17, 1983, correspondence dated the same date as this Consent, Waiver and Authorization.

The undersigned acknowledges that there is no conflict of interest on behalf of Mallery & McCartan, S.C. representing Citizens Bank & Trust in collection remedies and Mallery & McCartan, S.C. pursuing representation on the Macor Great Lakes, Inc., Bank of Plover, II & R Construction and Masonite litigations. The undersigned specifically and knowingly waives any conflict of interest should there be an actual conflict of interest at this time.

Dated this 18th day of May, 1983.

/s/ Joseph Goetz
JOSEPH GOETZ

APPENDIX C

LAW OFFICES

Mallery & McCartan, S.C.

101 GRAND AVENUE P.O. BOX 1405
WAUSAU, WISCONSIN 54401

(715)845–8234

May 18, 1983

Mr. Joseph Goetz

Goetz Investments, Inc.

700 Grand Avenue

Wausau, WI 54401

Dear Mr. Goetz:

In conformity with our meeting on May 17, 1983, enclosed please find correspondence in the Macor Great Lakes, Bank of Plover and H & R Construction files.

I discussed the Masonite claim with Attorney McCartan. He was under the understanding that you were to work with the Portage County Housing Authority and advise Mr. McCartan if they or you were to pursue action against Masonite. Our office is willing to pursue the claim against Masonite providing you are willing to accept a settlement of between $3,000–$5,000.

We are not willing to become involved in lengthy or protracted and expensive litigation either in the state or federal court. However, we are willing to commence a lawsuit in the state court. We are willing to do so providing the disbursements are paid on a monthly basis and our fee shall be on a contingent fee basis of 40 percent of the net recovery. You should also understand that we will have the right to withdraw from the case if a settlement offer is received from Masonite which we recommend to you and you reject the offer.

I enclose reminder statements for outstanding bills and ask that these are paid prior to doing further work. You have indicated that you are able and can pay for services rendered and disbursements paid on a prompt monthly basis.

We also discussed at some length our continuing legal representation of Citizens Bank & Trust and that our law firm acts as Citizens' primary counsel on collection matters. You, your corporations and other business entities have various loans with Citizens Bank & Trust, all of which are secured by real estate mortgages and various guarantees and most of which are in default. I previously wrote you disclosing this situation and requesting a meeting to discuss any possible conflict of interest. At our May 17, 1983, meeting you agreed to allow our firm to represent Citizens Bank & Trust in any and all collection remedies.

Enclosed please find a waiver and authorization for our firm to proceed on behalf of Citizens Bank & Trust which I ask that you sign and return to me. We shall then proceed with the representation against Macor Great Lakes, Bank of Plover, H & R Construction and Masonite, as outlined in this letter. If at any time you desire other counsel, you may so obtain but we shall pursue these causes of action on your behalf providing our statements are kept current. Attorney Alan E. Grischke has recently joined our firm and his only area of

practice is litigation. Mr. McCartan and I shall use his assistance in these cases.

Sincerely,

THOMAS F. MALLERY

TFM:cjs

Enclosures