### In re JOHORE INVESTMENT COMPANY (U.S.A.), INC., Debtor.

#### Bankruptcy No. 83–00555.

United States Bankruptcy Court,
D. Hawaii.

March 28, 1985.

712

Stephen Pingree, Honolulu, Hawaii, for debtor.

Edward Jaffee and Thomas Yamachika, Honolulu, Hawaii, for Cades, Schutte, Fleming & Wright.

## FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER DISQUALIFYING COUNSEL AND DISMISSING COUNTERCLAIM FOR SANCTIONS

JON J. CHINEN, Bankruptcy Judge.

Upon a Motion to Disqualify Counsel filed herein on February 1, 1985, the Court held a hearing on February 19, 1985, before the undersigned judge. Stephen Pingree, Esq., represented the debtor and Edward Jaffe, Esq. and Thomas Yamachika, Esq., represented Cades, Schutte, Fleming, & Wright. Having reviewed the record and file herein, and having considered the evidence and arguments of counsel, the Court makes the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

1. Johore Investment Company, (USA), Inc., ("Johore") is a Hawaii corporation in the business of investing in real estate. Johore has had substantial dealings with Territorial Savings and Loan Association and its subsidiary, Territorial Enterprises, Inc. (hereafter collectively called "Territorial").

2. In 1983, Johore retained H. William Burgess, Esq. ("Burgess") to investigate alleged improprieties by Territorial in the course of its dealings with Johore. Burgess felt that Territorial may have violated prudent lending practices and some regulations of the Federal Savings and Loan Insurance Corporation.

3. Burgess recommended to Johore that it retain a lawyer with expertise in the field of savings and loan regulation. As a result, Johore authorized Burgess to retain the services of William Swope, Esq. ("Swope") of the law firm of Cades, Schutte, Fleming, & Wright ("Cades") and to pay Swope for the services rendered.

4. On November 3, 1983, Burgess telephoned Swope to arrange a meeting. At that time, Burgess identified Territorial as the opposing party. Since Cades was not yet employed by Territorial, no conflict of interest existed at that time. Burgess informed Swope that he was authorized to retain him as counsel for Johore.

5. Burgess met with Swope on or about November 4, 1983 for approximately one-half hour. At that meeting, Burgess allowed Swope to review Johore's file. Swope reviewed the file and made roughly two pages of handwritten notes. At the conclusion of the meeting, Burgess told Swope to send him a bill for his services.

6. The November 4, 1983 meeting was the only contact between Burgess and Swope concerning Johore and Territorial. No bill was ever sent, and no amount has been paid by Johore to Swope in reference to that meeting.

7. In late 1983, Johore filed for bankruptcy. Since July 10, 1984, Cades has represented Territorial as its attorney. In September of 1984, Burgess telephoned Cades and requested that Cades withdraw as attorney for Territorial because of the purported conflict of interest resulting from the earlier Burgess-Swope meeting. This request was again repeated, by a letter dated October 18, 1984, and the request was denied by Cades shortly thereafter by letter.

8. Cades has spent approximately 2200 hours on litigation involving Territorial, of which approximately 20% (440 hours) involves the Johore litigation.

## CONCLUSIONS OF LAW

1. Johore alleges that an attorney-client relationship was established during the meeting of November 4, 1983 between Burgess and Swope. The parties have agreed that, if an attorney-client relationship existed, then Cades is foreclosed from representing Territorial in any action concerning Johore.

■ 2. The burden of proof is upon the movant seeking disqualification to show by a preponderance of the evidence that an attorney-client relationship existed. Further, the movant must also show that the former representation is substantially related to the current case by a preponderance of the evidence. *Matter of Olson*, 21 B.R. 123 (Bkrtcy.D.Neb.1982); *In re Brown*, 14 B.R. 437 (Bkrtcy.N.D.Ohio 1981); *Duncan v. Merrill Lynch, Pierce, Fenner & Smith*, 646 F.2d 1020 (5th Cir. 1981).

■ 3. The Court must balance the client's right to freely choose its representation and judicial efficiency against the public's confidence in the judicial system and the need of the profession to preserve the highest ethical standards. *Matter of Olson*, 21 B.R. 123 (Bkrtcy.D.Neb.1982); *Trone v. Smith*, 621 F.2d 994 (9th Cir. 1980).

■ 4. If there is a doubt as to the existence of an asserted conflict of interest, the conflict should be resolved in favor of disqualification. *In re Whitney-Forbes, Inc.*, 31 B.R. 836 (Bkrtcy.N.D.Ill.1983); *Matter of Davis*, 40 B.R. 163 (Bkrtcy.M.D. Ga.1984); *Hull v. Celanese Corp.*, 513 F.2d 568 (2d Cir.1975).

■ 5. Finally, the Court is guided by the American Bar Association's Code of Professional Responsibility. It is a guideline for the federal courts to follow in regulating their affairs and is applicable in bankruptcy proceedings. *Matter of Davis*, 40 B.R. 163 (Bkrtcy.M.D.Ga.1984); *In re Philadelphia Athletic Club, Inc.*, 20 B.R. 328 (Bkrtcy.E.D.Pa.1982); *Draft, Inc. v. Alton Box Board Co. (In re Corrugated Container Antitrust Litigation)*, 659 F.2d 1341 (5th Cir.1981). Courts have disqualified counsel solely on the basis of Canon 9. *In re Coordinated Pretrial Proceedings in Petroleum Products Antitrust Litigation*, 658 F.2d 1355 (9th Cir.1981).

■ 6. Cades is correct in asserting that an attorney-client relationship is a contractual and consensual one. But, it need not be an express one; an implied relationship is also valid, and may be inferred from other conduct, including acquiesence. *Westinghouse Electric Corporation v. Kerr-McGee Corporation*, 580 F.2d 1311 (7th Cir.1978) *Certiorari denied* 439 U.S. 955, 99 S.Ct. 353, 58 L.Ed.2d 346 (C.A.Ill. 1978); *Connelly v. Wolf, Block, Schorr and Solis-Cohen*, 463 F.Supp. 914 (D.C.Pa. 1978); *Kurtenbach v. Tekippe*, 260 N.W.2d 53 (Iowa 1977).

■ 7. Neither is the establishment of an attorney-client relationship dependent on fees being paid. *Alexander v. Russo*, 571 P.2d 350, 1 Kan.App.2d 546 (1977); *People v. Arroyave*, 407 N.Y.S.2d 15, 63 A.D.2d 127, *modified* 425 N.Y.S.2d 282, 49 N.Y.2d 264, 401 N.E.2d 393 (1978); *In re Airport Car Rental Antitrust*, 470 F.Supp. 495 (N.D.Cal.1979). An attorney-client relationship can exist even if the services are rendered gratis. *George v. Caton*, 600 P.2d 822, 93 N.M. 370, *certiorari quashed* 598 P.2d 215, 93 N.M. 172 (1979).

8. Cades argues that Swope extended merely a professional courtesy to Burgess. Here, however, the relationship is much deeper for Burgess allowed Swope to review Johore's file. The file contained information concerning transactions between Johore and Territorial and on possible causes of action against Territorial. Furthermore, Burgess made it clear that he was authorized to retain Swope as counsel for the Debtor.

9. Every meeting with an attorney does not lead to the formation of an attorney-client relationship. But, where, as is true here, confidential information is shown or given to an attorney who reviews such information, an attorney-client relationship is created. *See Matter of Olsen,* 21 B.R. 123 (Bkrtcy.D.Neb.1982); *Westinghouse Electric Corp. v. Kerr-McGee Corp.,* 580 F.2d 1311 (7th Cir.1978) *Certiorari denied* 439 U.S. 955, 99 S.Ct. 353, 58 L.Ed.2d 346 (C.A.Ill.1978). This is true even if the attorney is not retained. *King v. King,* 10 Ill.Dec. 592, 307 N.E.2d 1358, 52 Ill.App.3d 749 (1977); *Westinghouse Electric Corp. v. Kerr-McGee Corp.,* 580 F.2d 1311 (7th Cir. 1978) *Certiorari denied* 439 U.S. 955, 99 S.Ct. 353, 58 L.Ed.2d 346 (C.A.Ill.1978); *Desbiens v. Ford Motor Co.,* 439 N.Y.S.2d 452, 81 A.D.2d 707 (1981).

10. Although Cades asserts that no confidences were revealed in its single meeting with Burgess, a presumption arises that confidential information was communicated. *Matter of Davis,* 40 B.R. 163 (Bkrtcy.M.D.Ga.1984); *Kraft, Inc. v. Alton Box Board Co. (In re Corrugated Container Antitrust Litigation),* 659 F.2d 1341 (5th cir.1981); *Gov't of India v. Cook Industries, Inc.,* 569 F.2d 737 (2d Cir.1978). The fact that the same information could have been obtained through discovery or public records is not a sufficient basis for denying a motion for disqualification. *NCK Organization, Ltd. v. Bregman,* 542 F.2d 128 (2d Cir.1976); *Emle Industries, Inc. v. Patentex, Inc.,* 478 F.2d 562 (2d Cir.1975); *Kaufman v. Kaufman,* 405 N.Y.S.2d 79, 63 A.D.2d 609 (1978).

11. To find a conflict, the Court must find that a substantial relationship exists between the current matters and the matters previously discussed. *Matter of Olson,* 21 B.R. 123 (Bkrtcy.D. Neb.1982); *Duncan v. Merrill Lynch, Pierce, Fenner, & Smith, Inc.,* 646 F.2d 1020 (5th Cir.1981). There is no claim that the matters discussed between Swope and Burgess are different from the matters currently under litigation. Furthermore, the discussions centered around Johore's possible causes of action against Territorial. Cades is now preparing to defend Territorial against these possible causes of action. Consequently, this Court finds that a substantial relationship exists between the matters currently under litigation and the matters previously discussed between Burgess and Swope.

12. Cades also argues that Johore waived its right to raise the issue of disqualification by failing to file a timely motion. If actual prejudice exists, a party may raise the issue at any time. *Lau v. Valu-Bilt Homes, Ltd.,* 59 Hawaii 283, 582 P.2d 195, Hawaii (1978). On the other hand, if no actual prejudice exists, it is deemed waived unless promptly raised. Having found a substantial relationship between the matters discussed previously between Swope and Burgess and the matters currently under litigation, this Court concludes that it would be prejudicial to Johore to allow Cades to represent Territorial in an action between the two parties. Johore, therefore, may raise the issue of disqualification at this time.

13. Finally, this Court rejects Cades' argument that, because it has incurred over 440 hours in preparing for the Johore litigation and because the work would have to be duplicated if Territorial must hire new counsel, disqualification would place an undue burden on Territorial.

14. A few months after Cades had been hired by Territorial, Mr. Burgess telephoned Swope and requested that Cades withdraw as counsel for Territorial because of a conflict. The telephone call was fol-

lowed by a letter from Burgess to Cades. However, Cades declined to withdraw as counsel for Territorial.

15. To permit Cades to continue to serve as counsel for Territorial means Johore will be prejudiced because of the information that Swope gathered from reviewing Johore's file. This cannot and should not be permitted.

For all of the foregoing reasons,

Johore's Motion for Disqualification is hereby granted, and Cades' Counterclaim for Court Costs and sanctions is denied.

IT IS SO ORDERED.