In re SOUTH PACIFIC ISLAND AIRWAYS, Debtor(s).

Bankruptcy No. 85–00273.

United States Bankruptcy Court, D. Hawaii.

Dec. 1, 1986.

John A. Chanin, Honolulu, Hawaii, for Creditors' Committee.

Enver Painter, Honolulu, Hawaii, for debtor.

---

**MEMORANDUM DECISION AND OR-
DER RE: COMPENSATION FOR
THE LAW OFFICE OF JOHN A.
CHANIN AS COUNSEL FOR CRED-
ITORS' COMMITTEE**

JON J. CHINEN, Bankruptcy Judge.

On August 20, 1986, John A. Chanin, the Attorney for the Creditors' Committee ("Applicant"), filed an application for compensation for services rendered and for reimbursement of costs. Applicant seeks $24,283.92 (including tax) in fees and $2,522.26 in costs for the period April 30, 1986 until July 25, 1986.

A memorandum in opposition was filed by the debtor, on August 27, 1986, stating that Applicant should not be compensated for services that were unreasonable, unnecessary, and performed at a time when Applicant had a conflict of interest.

A hearing was held on August 28, 1986, at which time the court granted the costs incurred and took the fees under advisement.

The court being advised in the premises, and having reviewed the files and memoranda herein, and having considered the arguments of counsel, now renders this Memorandum Decision and Order.

The court first notes that, in the Application for Authorization to Employ Attorney for Creditors' Committee filed on April 7, 1986, Applicant submitted an Affidavit that states in part:

7. With respect to the law firm's connections with the Debtor, creditors, or any other party-in-interest, their respective attorneys and accountants, the law firm represented the Debtor in a pre-petition National Transportation Safety Board proceeding regarding the revocation of SPIA's air operating certificate. The representation of SPIA at that time constitutes the only legal services rendered by the law firm for SPIA.

8. The law firm represents George Wray, a principal of the Debtor, in a divorce proceeding currently pending before the Family Court for the Circuit court of the First Circuit in the State of Hawaii. The Committee has been informed that the law firm is considering withdrawing from representation of Mr. Wray in that proceeding.

9. The law firm is a creditor of the Debtor regarding fees for services rendered on behalf of the Debtor in disputes with the FAA over license proceedings.

10. That the law firm's prior representation of SPIA will not cause the Debtor to suffer prejudice by reason of the attorney's representation of the Creditors' Committee herein; the law firm's representation of SPIA was merely for the limited purpose of litigating the emergency revocation of SPIA's license before the National Transportation Safety Board, and does not enter into matters as they relate to preservation of confidences and secrets of SPIA or its financial affairs or dealings.

It was based upon these representations that this court approved the Applicant as attorney for the Creditors' Committee.

The Debtor, in a Motion to Disqualify Attorney for the Creditors' Committee filed July 2, 1986, however, notes that the representations made by Applicant in his Affidavit is incorrect in that:

1. Applicant represented Debtor in a matter involving Petro Canada, a major unsecured creditor of the debtor;

2. Applicant represented Debtor in some matters relating to this bankruptcy proceeding;

3. Applicant represented Debtor in connection with Bank of Hawaii, a former creditor in this proceeding; and

4. Applicant represented Debtor's sole shareholder, Mr. Wray, in a lease dispute in a state court action.

Applicant filed a Memorandum in opposition to Motion to Disqualify Attorney for Creditors' Committee on July 21, 1986. Applicant states:

1. With regards to the Petro Canada action, Applicant was granted leave to withdraw as counsel for Debtor-Defendant;

2. Debtor's motion is not timely filed, since the order authorizing Applicant to be attorney for the Creditors' Committee was filed on April 29, 1986;

3. The Motion to Disqualify is a mere tactical ploy; and

4. Applicant did not represent debtor in connection with the Bank of Hawaii matter.

The law that has developed in the area of conflict of interests can be summarized briefly as follows:

[1] The burden of proof is upon the movant seeking disqualification to show by a preponderance of the evidence that an attorney-client relationship existed. Further, the movant must also show that the former representation is substantially related to the current case by a preponderance of the evidence. *Matter of Olson,* 21 B.R. 123 (Bkrtcy.D.Neb.1982); ... *Duncan v. Merrill Lynch, Pierce, Fenner & Smith,* 646 F.2d 1020 (5th Cir.1981).

[2] The Court must balance the client's right to freely choose its representation and judicial efficiency against the public's confidence in the judicial system and the need of the profession to preserve the highest ethical standards.... *Trone v. Smith,* 621 F.2d 994 (9th Cir.1980).

[3] If there is a doubt as to the existence of an asserted conflict of interest, the conflict should be resolved in favor of disqualification. *In re Whitney-Forbes, Inc.,* 31 B.R. 836 (Bkrtcy.N.D.Ill. 1983); *Matter of Davis,* 40 B.R. 163 (Bkrtcy.M.D.Ga.1984); *Hull v. Celanese Corp.,* 513 F.2d 568 (2nd Cir.1975).

[4] Finally, the Court is guided by the American Bar Association's Code of Professional Responsibility. It is a guideline for the federal courts to follow in regulating their affairs and is applicable in bankruptcy proceedings. *Matter of Davis,* 40 B.R. 163 (Bkrtcy.M.D.Ga.1984); ... *Kraft, Inc. v. Alton Box Board Co. (In re Corrugated Container Antitrust Litigation ),* 659 F.2d 1341 (5th Cir.1981). Courts have disqualified counsel solely on the basis of Canon 9. *In re Coordinated pretrial Proceedings in Petrole-*

*um Products Antitrust Litigation.* 658 F.2d 1355 (9th Cir.1981).

[5] An attorney-client relationship is a contractual and consensual one. But, it need not be an express one; an implied relationship is also valid, and may be inferred from other conduct, including acquiesence. *Westinghouse Electric Corporation v. Kerr-McGee Corporation,* 580 F.2d 1311 (7th Cir.1978) *Certiorari denied,* 439 U.S. 955, 99 S.Ct. 353, 58 L.Ed.2d 346 (C.A.Ill.1978); *Connelly v. Wolf, Block, Schorr and Solis-Cohen,* 463 F.Supp. 914 (D.C.Pa.1978). ...

[6] Neither is the establishment of an attorney-client relationship dependent on fees being paid. *Alexander v. Russo,* 571 P.2d 350, 1 Kan.App.2d 546 (1977); *People v. Arroyave,* 407 N.Y.S.2d 15, 63 A.D.2d 127, *modified* 425 N.Y.2d 282, 49 N.Y.2d 264, 401 N.E.2d 393 (1978); *In re Airport Car Rental Antitrust,* 470 F.Supp. 495 (N.D.Cal.1979). An attorney-client relationship can exist even if the services are rendered gratis. *George v. Caton,* 600 P.2d 822, 93 N.M. 370, *certiorari quashed* 598 P.2d 215, 93 N.M. 172 (1979). This is true even if the attorney is not retained.... *Westinghouse Electric Corp. v. Kerr-McGee Corp.,* 580 F.2d 1311 (7th Cir.1978) *Certiorari denied* 439 U.S. 955, 99 S.Ct. 353, 58 L.Ed.2d 346 (C.A.Ill.1978); *Desbiens v. Ford Motor Co.,* 439 N.Y.S.2d 452, 81 A.D.2d 707 (1981).

[7] If an attorney-client relationship occurs, a presumption arises that confidential information was communicated. *Matter of Davis,* 40 B.R. 163 (Bkrtcy.M. D.Ga.1984); *Kraft, Inc. v. Alton Box Board Co. (In re Corrugated Container Antitrust Litigation),* 659 F.2d 1341 (5th Cir.1981); *Gov't of India v. Cook Industries, Inc.,* 569 F.2d 737 (2d Cir.1978). The fact that the same information could have been obtained through discovery or public records is not a sufficient basis for denying a motion for disqualification. *NCK Organization, Ltd. v. Bregman,* 542 F.2d 128 (2d Cir.1976); 1976); *Emle Industries, Inc. v. Patentex, Inc.,* 478 F.2d 562 (2d Cir.1975); ....

[8] An attorney owes his client the highest duty of fidelity and good faith. As such, his loyalty must be absolute and undivided. *In re Coastal Equities, Inc.*, 39 B.R. 304 (Bkrtcy.Cal.1984); *Matter of Goldberg*, 12 B.R. 180 (Bkrtcy., N.J. (1981).

[9] A party may waive its right to raise the issue of disqualification by failing to file a timely motion. If actual prejudice exists, a party may raise the issue at any time. *Lau v. Valu-Bilt Homes, Ltd.*, 59 Hawaii 283, 582 P.2d 195, Hawaii (1978). On the other hand, if no actual prejudice exists, it is deemed waived unless promptly raised.

Applicant knew or should have known that he had represented Debtor in additional matters beyond that which he had set out in his affidavit. If these representations were made known in the Application for Authorization to Employ Attorney for the Creditors' Committee, the court would have denied the Application based upon a conflict of interest.

Applicant relies on 11 U.S.C. Section 1103(b), which states:

> An attorney or accountant employed to represent a committee appointed under Section 1102 of this title may not, while employed by such committee, represent any other entity having an adverse interest in connection with the case. Representation of one or more creditors of the same class as represented by the committee shall not per se constitute the representation of an adverse interest.

*In re Roberts*, 46 B.R. 815, 826–27 (Bkrtcy.Utah 1985), the court stated:

> To "hold an adverse interest" means for two or more entities (1) to possess or assert mutually exclusive claims to the same economic interest, thus creating either an actual or potential dispute between the rival claimants as to which, if any, of them the disputed right or title to the interest in question attaches under valid and applicable law; or (2) to possess a predisposition or interest under circumstances that render such a bias in favor of or against one of the entities.

To "represent an adverse interest" means to serve as agent or attorney for any individual or entity holding such an adverse interest....

█ In the instant case, the debtor and the Creditors' Committee have actual or potential dispute between themselves in the method of operating debtor's business. It means that they "hold an adverse interest" to each other.

Applicant has served as counsel for debtor in an action involving Petro Canada and in some other matters relating to the present bankruptcy proceeding. Although Applicant has withdrawn as counsel for debtor in such matters, his subsequent representation of the Creditors' Committee means that the Applicant "represents an adverse interest."

An attorney should not place himself in a position where he may be required to choose between conflicting duties. *In re Westmoreland*, 270 F.Supp. 408 (D.Ga. 1967); *In re Buder*, 358 Mo. 796, 217 S.W.2d 563 (1949); *Gillette v. Newhouse Realty Co.*, 75 Utah 13, 282 P. 776 (1929).

█ A presumption arises that confidences are communicated once an attorney-client relationship occurs. In this case, there is no question but that Applicant did previously serve as attorney for the Debtor and its "sole shareholder". The presumption that confidences were communicated was not rebutted by the Applicant. Self-serving statements that no confidences were communicated is not sufficient to rebut the presumption.

It is true that this court did not issue an order disqualifying Applicant from representing the Creditors' Committee. The fact is, however, that on the very day that this court was to rule on the matter, Applicant withdrew as counsel for the Creditors' Committee.

The question remains as to what sanctions should be applied in this case. In many cases, all fees and costs have been denied where the applicant represented an adverse interest. *See e.g. In re Chou-Chen Chemicals, Inc.*, 31 B.R. 842, (Bkrtcy.W.D.KY.1983); *In re Paine*, 14 B.R. 272 (W.D.MI.1981); *In re 765 As-*

*sociates,* 14 B.R. 449 (Bkrtcy.D.Hawaii 1981); *In re B.E.T. Genetics, Inc.,* 35 B.R. 269 (Bkrtcy.E.D.Ca.1983); *In re Philadelphia Athletic Clubs,* 20 B.R. 328 (E.D. Pa.1982); *In re Buchanan,* 25 B.R. 162 (Bkrtcy.E.D.Tn.1982); and *In re Sambo's Restaurants,* 20 B.R. 295 (Bkrtcy.C.D.Ca. 1982).

██ Applicant did not advise this court on all potential conflicts, even though he knew or should have known of them. The court finds that Applicant is well versed in the field of bankruptcy. However, no matter how brilliant an individual may be, he cannot properly serve two masters. As such, the court concludes that a denial of all fees is warranted under the circumstances.

IT IS HEREBY ORDERED that the Application of the Law Offices of John A. Chanin for Compensation for Services Rendered and for Reimbursement of Costs and Expenses Incurred as Attorney for Creditors' Committee, filed herein on August 28, 1986 is denied to the extent that it request compensation for services rendered.