■ MURRAY KAUFMAN, Appellant, v JACQUELINE H. KAUFMAN, Respondent.—Order, Supreme Court, New York County, entered September 22, 1977, granting defendant's motion to dismiss the third and fourth causes of action and denying plaintiff's cross motion to disqualify defendant's attorney for reason of plaintiff's confidential relationship with defendant's attorney is unanimously modified, on the law, to reverse the denial of plaintiff's cross motion to disqualify defendant's counsel and to remand said issue for an evidentiary hearing and is otherwise affirmed, without costs and without

disbursements. Plaintiff, in this matrimonial proceeding, is the husband. For his third cause of action plaintiff contends that he purchased three properties in Virginia from his own income and that because of their relationship he placed same in the name of defendant, and that the parties understood that they were his sole property and that on demand defendant would reconvey the property to him or sell it for his sole benefit. Plaintiff contends that he made such demand and was refused. In his fourth cause of action plaintiff alleges that he has been deprived of the rentals of the properties and seeks an accounting. The trial court properly found that one of the properties was in the name of defendant's mother, who is not a party to the action, and that of the other two properties, the plaintiff released his interest in one to defendant for a valuable consideration. In addition, plaintiff stated under oath in a subsequent bankruptcy proceeding that he owned no real property and had no claim to any real property. Plaintiff, a well-known figure in the world of entertainment, complains that defendant's attorney represented him in a prior matrimonial proceeding, and he maintained a close personal relationship with him from 1960 to 1968 and discussed with him many facets of his career and his relationship with the defendant. From 1971 to 1977 he visited and discussed with the attorney those matrimonial problems that developed between the plaintiff and his wife. Plaintiff chronicles many meetings, dinner and attendance at sporting events with defendant's attorney and during some of these meetings he imparted all the facts and circumstances surrounding his financial and matrimonial problems. As was held in *Edelman v Levy* (42 AD2d 758), "An attorney must avoid not only the fact, but even the appearance, of representing conflicting interests *(Matter of Kelly,* 23 N Y 2d 368, 375-376)". The attorney's claim that all the information he received was from public records is also of no moment as was said in *NCK Organization v Bregman* (542 F2d 128, 133) "The client's privilege in confidential information disclosed to his attorney 'is not nullified by the fact that the circumstances to be disclosed are part of a public record, or that there are other available sources for such information, or by the fact that the lawyer received the same information from other sources.' The Code itself in Ethical Consideration (EC) 4-4 notes that [t]he attorney-client privilege is more limited than the ethical obligation of a lawyer to guard the confidences and secret of his client. This ethical precept * * * exists without regard to the nature or source of information or the fact that others share the knowledge." The court also held that when the attorney received or might have received confidential information he must be disqualified. Thus, upon the facts asserted by the plaintiff and defendant's attorney, it is apparent that a substantial issue of fact exists with regard to a possible conflict of interest by defendant's attorney and the matter should be remanded for an evidentiary hearing. Concur—Birns, J. P., Silverman, Evans, Lane and Sandler, JJ.