■ DISTRICT COUNCIL 37 et al., Respondents, v JOAN S. KIOK, Appellant.—Order and judgment (one paper) of the Supreme Court, New York County, entered March 1, 1979, (1) granting the petition to disqualify respondent from representing Local 420 in its adversary proceeding with District Council 37, AFSME; (2) enjoining her from divulging confidential information to Hospital Employees' Local 420 acquired by her in her capacity of general counsel to petitioner; (3) sequestering any records or work product concerning her prior position as counsel; and (4) denying that branch of the application alleging a conflict of interest with respect to respondent's representation of Butler with leave to replead, unanimously reversed, on the law and the facts, and petition dismissed, with costs and disbursements. There is no showing by petitioner that respondent's activities in the pending case "would impinge on the interests of [respondent's] former client [District Council 37] that [respondent] had once been retained to advance or protect" (see *ABKCO Inds. v Lennon,* 85 Misc 2d 465, 473, mod on other grounds 52 AD2d 435) or that the matters embraced in the pending suit are substantially related to the prior matters which respondent handled on petitioner's behalf *(Emle Inds., v Patentex, Inc.,* 478 F2d 562, 570; *Government of India v Cook Inds.,* 569 F2d 737) or that respondent had access to confidential materials substantially related to the pending litigation *(Hull v Celanese Corp.,* 513 F2d 568, 572; *United States v Standard Oil Co.,* 136 F Supp 345, 354), or that respondent "has a direct and substantial stake in the outcome of the litigation." *(Greene v Greene,* 47 NY2d 447, 452.) Mere representation at an earlier time of one of the contesting litigants does not constitute a bar to present representation of the other litigant. *(ABKCO Inds. v Lennon, supra,* p 472.) We cannot say on this record that there is an appearance of impropriety which would justify the disqualification of respondent. There does not seem to be any connection between the pending case and the prior relationship between petitioner and respondent (cf. *Cardinale v Golinello,* 43 NY2d 288). Concur—Kupferman, J. P., Birns, Fein, Sandler and Lane, JJ.