### (January 29, 1980)

■ Robert D. Martin, Individually and on Behalf of Donghia-Martin Associates, Inc., Respondents-Appellants, v Donghia Associates, Inc., et al., Appellants-Respondents.—Order of the Supreme Court, New York County, entered July 9, 1979, which, *inter alia,* granted plaintiffs' motion for a preliminary injunction and denied defendants' motion for summary judgment, unanimously modified, on the law and the facts, to the extent of adding a provision enjoining defendants, *pendente lite,* from "engaging in the business of interior decoration and design other than for the account of Donghia-Martin Associates, Inc." and directing an immediate trial, and otherwise affirmed, without costs or disbursements. In this action for a permanent injunction, wherein plaintiffs also seek, *pendente lite,* relief, it is the basic position of defendant Donghia that as a 70% shareholder he has a statutory right to nonjudicial dissolution of plaintiff Donghia-Martin Associates, pursuant to section 1001 of the Business Corporation Law; that the agreement between the parties in no way limits this right; and that a permanent injunction cannot be utilized to force two persons to continue a joint enterprise. Plaintiffs allege that defendants engaged in the business of interior decoration and design for defendants' own account in violation of the agreement and the fiduciary relationship between the parties. Plaintiffs also claim that defendants seek in bad faith to dissolve the corporate plaintiff. These allegations are legally sufficient to state a claim and questions of fact relating thereto are raised in the record. Hence, summary judgment to dismiss the complaint was properly denied *(Levine v Styleart Press,* 31 Misc 2d 106). As a practical matter, the principals, Martin and Donghia, cannot be forced to remain in business together. We recognize that the nature of the business (furnishing of personal services of interior decorating) provides each individual with an opportunity to develop his own clientele. Nevertheless, there is nothing to prevent the court from maintaining the *status quo* when dissolution of a corporation is threatened and where, as here, the majority shareholder is charged with corporate wrongdoing *(Levine v Styleart Press, supra;* see, also, *Kavanaugh v Kavanaugh Knitting Co.,* 226 NY 185). It is appropriate in such circumstances to expand the injunctive provisions of the order so as to restrain defendants, *pendente lite,* from engaging in the business of interior decoration and design other than for the account of the corporate plaintiff. The motion to disqualify the law firm of Levy, Sonet and Vail from representing defendants was properly denied. Although that firm had represented the corporate plaintiff in other matters, plaintiffs can point to no specific confidential information imparted to said firm by plaintiffs which would have any bearing on this lawsuit. Finally, it is unnecessary at this time to appoint a Receiver for this profitable, on-going business and the request for an accounting is denied until plaintiffs establish the underlying claims asserted in the complaint. Concur—Murphy, P. J., Birns, Fein, Lupiano and Ross, JJ.