LAWRENCE B. SAFTLER, Respondent, v GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellant, et al., Defendant.

First Department, July 14, 1983

APPEARANCES OF COUNSEL

*Andrew P. Davis* of counsel (*Davis & Davis,* attorneys), for appellant.

*Saftler & Saftler* for respondent.

OPINION OF THE COURT

KASSAL, J.

The action was brought by plaintiff, an attorney who is also the insured, *inter alia,* for a declaratory judgment directing that Government Employees Insurance Co. (GEICO) was obligated to furnish a defense to plaintiff in a legal malpractice action presently pending in Supreme Court, Nassau County, and to pay any judgment entered therein. The complaint herein also seeks $100,000 in damages and for expenses incurred as a result of the refusal by the insurer to assume the defense of that action. In its answer, GEICO interposed affirmative defenses and counterclaims, essentially that the subject of the underlying action was excluded from the scope of coverage and that

the acts complained of did not occur within the policy period of the insurance issued by it. The Nassau action sought compensatory and punitive damages for defamation and conspiracy based upon false and malicious criminal charges allegedly made by the plaintiff. In rejecting the claim, the insurer relied upon an exclusion in the policy for any "dishonest, fraudulent, criminal or malicious act or omission of the insured."

On August 3, 1982, plaintiff moved to disqualify the law firm of Davis & Davis (Davis), attorneys for GEICO in this action. According to plaintiff, he and his father, Harold Saftler, had met with Andrew Davis in connection with the insurer's investigation to determine whether the policy covered the facts of the underlying malpractice action. The meeting was held after a letter dated July 28, 1981, had been sent by GEICO to plaintiff, advising that the professional liability insurance did not cover exemplary damages and did not apply to "any dishonest, fraudulent, criminal or malicious act or omission of any insured, partner or employee." GEICO indicated that, since it appeared that the acts or omissions which formed the basis for the underlying claim occurred prior to the effective date of the policy and might not be within the scope of coverage, it had "engaged Andrew Davis, Esq. of Davis & Davis, Attorneys at Law * * * to look into this matter to determine the applicability of our coverage." Urging that plaintiff cooperate fully with Mr. Davis, the letter advised that a decision as to coverage would be made as soon as possible, after all of the facts had been ascertained.

The meeting with Davis took place on August 10 or 11, 1981. The parties are in sharp disagreement as to what occurred and what was said at that meeting. According to Saftler, Davis told him he was acting in the capacity of an arbitrator and that neither he nor his law firm would represent the insurance carrier if a dispute arose with respect to coverage. As a result, plaintiff claims that he fully co-operated and answered all questions at the meeting. Davis, on the other hand, categorically denies any misrepresentation either as to the purpose of the meeting or his function on behalf of the insurer. Denying that he held himself out as an arbitrator, he states that he in no

way represented that he was acting for plaintiff, either as attorney or advisor, and that the nature of the meeting was such that "it was clear that we were acting solely on behalf of the insurance company and solely on the issue of coverage." Nor did he lead plaintiff to believe that his firm would not represent GEICO should litigation on the issue of coverage ensue. In opposing the motion to disqualify, Davis stated:

"I told them that my job was to determine whether the matter of the underlying claim was covered under the GEICO policy and that there were several issues including possible late notice, whether the acts complained of took place during the GEICO policy period and whether the allegations of the underlying claim were excluded under the policy. When Lawrence Saftler expressed doubts as to my objectivity, I told him what is the fact: That GEICO refers matters of coverage to me for my best objective opinion and that I had no preconceptions and no secret directions from the Company as to the end result or conclusions of my opinion * * *

"I told him I would give my opinion to the insurance company and they would make the final decision as to coverage."

Special Term, in granting the motion to disqualify, observed, "[u]nder the circumstances disclosed, it would [be] better to resolve the issue of the alleged conflict of interest in favor of disqualification (*Nichols* v. *The Village Voice, Inc.,* 99 Misc. 2d 822)." To the contrary, on this record there was no conflict of interest.

It is undisputed that neither Davis nor his law firm ever represented plaintiff. When Davis had been retained by the insurer to render a legal opinion on the issue of coverage and, for that purpose, met with Saftler to ascertain all of the facts involved in the underlying malpractice action, that did not create a sufficient relationship so as to preclude Davis from appearing as counsel to GEICO in this action. Contrary to the implication by the dissent, there is nothing in the record which in any way demonstrates that there existed a fiduciary relationship or responsibility between Davis and Saftler.

It cannot be gainsaid that attorneys are duty bound to avoid not only the fact but also the appearance of impropriety. Resolution of an issue respecting disqualification requires a delicate balance between the interests of the client who desires to retain an attorney of his or her choice against the interests of the opposing party to be free from any risk of opposition by an attorney who had been privy to that litigant's confidence (*Cardinale v Golinello,* 43 NY2d 288, 294). Upon this basis, in cases involving the retention of counsel where the opposing party is the attorney's former client, disqualification has been directed on a showing of "reasonable probability of disclosure" of confidential information obtained in the prior representation (*Greene v Greene,* 47 NY2d 447, 453). Generally, in such cases, an attorney will be disqualified where the party seeking that relief meets his burden by establishing a substantial relationship between the issues in the litigation and the subject matter of the prior representation, or where counsel had access to confidential material substantially related to the litigation (*District Council 37 v Kiok,* 71 AD2d 587; *Martin v Donghia-Martin Assoc.,* 73 AD2d 898; *Ashbaugh v West 13th St. Owners,* 77 AD2d 842; *Lewis v Unigard Mut. Ins. Co.,* 83 AD2d 919). Such relief will not be granted, however, where there is no substantial relationship or where the party seeking disqualification fails to identify any specific confidential information imparted to the attorney.

In our case, we are not confronted with the delicate balancing required in a situation where attorneys are proceeding against a former client. There is no claim that Davis ever represented Saftler. Nor does the record reflect any confidential information which may have been imparted during the meeting to examine into the question of coverage. The nature of the legal issue involved in this declaratory judgment action has a direct bearing upon the issue of disqualification. At issue in this action is whether the acts complained of in the underlying malpractice action occurred during the period of time covered by the policy and whether the pleaded allegations in that action were without the scope of the professional liability insurance which had been issued. Taking into account the

underlying duty of the insured to co-operate, as required by standard provisions in such insurance, it is clear that there could have been no confidential information related by Saftler to Davis. Moreover, Saftler does not claim that there was any such confidential information but only that, proceeding on the assumption, which does not appear supported by any factual basis, that Davis would not represent the insurance company if a dispute on coverage arose, he "answered all questions * * * regarding the Nassau County action." However, as an insured, Saftler was bound to answer any such questions, consistent with his obligation to co-operate with the insurer. Also, Saftler was a practicing attorney and, as such, knew or should have known of the prevailing practice of insurance carriers to retain legal counsel to render an opinion as to coverage, particularly in cases involving malpractice against attorneys and, to accomplish that task, the necessity to ascertain from the insured the factual predicate to support the claim that the insurance attached to the loss. Such an investigation or interview, in and of itself, does not preclude the insurer from retaining that same attorney to represent it in a declaratory action which may subsequently be brought by the insured. Neither does it afford a basis for the insured in such action to obtain disqualification of counsel.

We disagree with the notion expressed both by Special Term and by the dissent that disqualification should follow merely because a factual dispute exists as to the substance of the conversation between plaintiff and Davis. To the contrary, where it appears that a substantial issue of fact exists as to whether there is a conflict of interest, the appropriate procedure may be to conduct an evidentiary hearing in advance of disposition of the motion to disqualify (*Kaufman v Kaufman,* 63 AD2d 609; *Evyan Perfumes v Hamilton,* 22 Misc 2d 616). Here, however, the record is insufficient to warrant such a hearing since there was no prior relationship between the parties, fiduciary or otherwise, no communications, oral or written, that Davis was doing anything except acting for the insurance carrier in its investigation and there is no showing of confidential information having been imparted to the attorney so as to create a conflict of interest.

While the dissent points to the possibility that Davis at some point might be called upon to provide testimony, such speculation is clearly insufficient. The operative standard is explicit and requires disqualification where the attorney learns or it is obvious that he or another attorney in his firm "will or ought to be called as a witness." (*Tru-Bite Labs v Ashman,* 54 AD2d 345, 346; Code of Professional Responsibility, DR 5-102 [A].) DR 5-102 (A) provides as follows: "If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial and his firm, if any, shall not continue representation in the trial, except that he may continue the representation and he or a lawyer in his firm may testify in the circumstances enumerated in DR 5-101 (B) (1) through (4)."

Plainly, taking cognizance of the issues involved in this action, it is inconceivable that Davis will ever be called to testify. The prime issue in the case requires a legal determination of whether the nature of the pleaded allegations in the underlying malpractice action, including the claim for punitive damages, are excluded from the policy coverage. This is a legal issue, which requires an examination, preferably by an attorney, of the complaint in that action in relation to the exclusion in the policy for any "dishonest, fraudulent, criminal or malicious act or omission of any insured." Nor can Davis possibly offer any probative testimony on the factual issues of whether the acts or omissions complained of in the malpractice action occurred or the time periods of such occurrences.

Furthermore, the entire tenor and context of the July 28, 1981 letter indicates that Davis was acting as GEICO's legal representative and that disclaimer of coverage was possible. Plaintiff, as an attorney of law, had knowledge, expressly or implicitly, of Davis' relationship in this case.

Disqualification is an appropriate remedy in a proper case where an actual conflict exists or where an attorney places himself in a position involving competing considerations between present and former ,clients. Upon such an application, it must appear that an actual conflict exists or

that there is a reasonable probability that confidential information could have been imparted to the attorney. The remedy, however, may not be invoked merely to aid as a tool in litigation, sought to gain for one party or the other some advantage unrelated to the merits of the action (see *Gould v Lumonics Research*, 495 F Supp 294, 297). The United States Court of Appeals for the Second Circuit has taken cognizance of the prevailing practice by which such motions "have become common tools of the litigation process." (*International Electronics Corp. v Flanzer*, 527 F2d 1288, 1289.) Similarly, our colleague, Justice KUPFERMAN, has observed: "A going ploy in the courts is the attempt to disqualify your legal opponent. In the old days, it will be recalled, when the law was against you, you argued the facts; if the facts were against you, you argued the law; and, if they were both against you, you banged on the table. *Now, as evidenced by a number of recent decisions, you move to disqualify the law firm representing the other side on the ground of conflict of interests, breach of confidence, unethical conduct, etc.*" (Kupferman, The Unfortunate Lawyer, 22 The Advocate [Bronx County Bar Assn] 71; emphasis added.)

Upon this record, we find no basis for Special Term to have directed disqualification. There was neither conflict of interest shown nor any claim of any confidential information furnished to the attorney. Therefore, the motion should have been denied.

Accordingly, the order, Supreme Court, New York County (ANDREW TYLER, J.), entered February 3, 1983, granting plaintiff's motion to disqualify the law firm of Davis & Davis as counsel for GEICO in this action, should be reversed, on the law and the facts, with costs and the motion to disqualify denied.

MILONAS, J. (dissenting). The order of the Supreme Court, New York County (ANDREW TYLER, J.), entered on February 3, 1983, should be affirmed.

Plaintiff-respondent Lawrence B. Saftler, an attorney, commenced this action seeking a declaratory judgment determining that the defendant-appellant Government Employees Insurance Company (GEICO) and Inapro, Inc.,

breached their malpractice insurance policy with plaintiff when they failed to defend him in a lawsuit instituted against him in January of 1981. Plaintiff also demanded that defendants be directed to perform their obligations, as well as $100,000 in damages. In its answer, GEICO asserted that plaintiff had been charged in Nassau County with defamation and conspiracy and that the insurance policy in question contained an express disclaimer of applicability with regard to any "dishonest, fraudulent * * * or malicious act or omission of the insured." In addition, GEICO contended that the alleged acts did not occur within the period covered by the policy.

On August 3, 1982, plaintiff moved to disqualify the law firm of Davis & Davis as GEICO's attorneys. According to plaintiff, on August 10, 1981, he and Harold Saftler, his father and law partner, met with Andrew Davis of Davis & Davis for the purpose of discussing the insurance policy. At that time, Davis purportedly represented that he was acting as an arbitrator to resolve any dispute between plaintiff and GEICO, although plaintiff had informed Davis that it was in the latter's interest to proceed to litigation rather than settle the case. Davis had supposedly led plaintiff to believe that his firm would not represent GEICO should a lawsuit arise. Davis also reportedly assured plaintiff that he would withdraw from the matter in the event of a conflict of interest. Plaintiff maintained that Davis had also advised him that their communications would be held in the strictest confidence. Since Davis and his firm were now representing GEICO in the instant action, they should be disqualified on the ground that there was a conflict of interest.

In response, Andrew Davis referred to a letter dated July 28, 1981, which GEICO sent to plaintiff informing him that: "I have engaged Andrew P. Davis, Esq. of Davis & Davis, Attorney at Law of 116 John Street, New York City, New York 10038 to look into this matter to determine the applicability of our coverage. I am sure that Mr. Davis will be in touch with you in the very near future and I ask that you cooperate fully with him in making the facts concerning this matter available to him so that a decision with respect to coverage can be made as soon as possible. Of

course, if it is determined that the above numbered policies are applicable to this loss, then you will be provided with the full protection of the policies subject to the applicable exclusions."

It was Davis' position that his firm was initially consulted only for the purpose of determining the applicability of GEICO's policy to plaintiff's situation and that he so notified plaintiff at their meeting. Davis also stated that he assured plaintiff and the senior Saftler of his objectivity, so that plaintiff recounted the circumstances surrounding the underlying claim. Davis, however, denied that he had ever held himself out as an arbitrator. He contended that, at all times, he made it clear that he was employed solely on behalf of GEICO.

Special Term granted the motion to disqualify, holding that: "Under the circumstances disclosed, it would [be] better to resolve the issue of the alleged conflict of interest in favor of disqualification". In my opinion, the ruling of Special Term was entirely appropriate. There is a factual dispute between plaintiff and Davis concerning the nature of their conversation. The letter dated July 28, 1981 cannot be dispositive of what was said by the two men on August 10, 1981. It is even conceivable that at some point in this litigation, Davis may be called upon to provide testimony. An attorney "should avoid even the appearance of professional impropriety." (Code of Professional Responsibility, Canon 9.) Although there may not be an actual lawyer-client relationship between two parties, there may still exist a fiduciary responsibility between the attorney and the adverse litigant such as to warrant that attorney's disqualification. (*Westinghouse Elec. Corp. v Kerr-McGee Corp.*, 580 F2d 1311.) Since a lawyer is obliged to avoid even the appearance of impropriety, any question should be decided in favor of disqualification. (*Silver Chrysler Plymouth v Chrysler Motors Corp.*, 518 F2d 751). Special Term, therefore, properly concluded that under the circumstances here, the motion to disqualify should be granted.

MURPHY, P. J., SULLIVAN and SILVERMAN, JJ., concur with KASSAL, J.; MILONAS, J., dissents in an opinion.

Order, Supreme Court, New York County, entered on February 3, 1983, reversed, on the law and the facts, and

the motion to disqualify denied. Appellant shall recover of respondent $50 costs and disbursements of this appeal.