■ ATAOLLAH ELGHANAYAN, Respondent, v AGHADJAN ELGHA-NAYAN et al., Appellants. — Order, Supreme Court, New York County (Richard W. Wallach, J.), entered June 27, 1984, which disqualified Nathan Tanen, Esq. and the firm of Tanen & Tanen, Esqs. from representing defendants as cocounsel in these proceedings, is unanimously reversed, on the law, without costs, and the matter is remanded for further proceedings not inconsistent herewith.

In granting the plaintiff's motion to disqualify Nathan Tanen, Esq. and his firm, Tanen & Tanen, Esqs., the court below relied solely upon the circumstances of Nathan Tanen's alleged participation as a mediator in an attempt to resolve family disputes involving a variety of matters, including the subject matter of this lawsuit.

The plaintiff claims that in addition to having represented defendants' partnership in a transaction which is at the heart of this litigation, counsel, Nathan Tanen, also actively participated as a mediator in meetings among the Elghanayan family members in their attempts to reach out-of-court settlements of their many financial disputes. Plaintiff contends, therefore, that Tanen represented both plaintiff and defendants in respect to family matters and that during the mediation sessions, plaintiff divulged certain confidences. Tanen denied that he represented any party at those meetings other than defendant Aghadjan Elghanayan, whom he had represented for the past 10 years. Special Term recognized that close questions of fact were presented by the submissions of the parties, but determined that the question was not so close as to require an evidentiary hearing. The court concluded therefore that the "serious doubt [created] as to the propriety of co-counsel's having undertaken this representation * * * should be resolved in favor of disqualification."

We are mindful that "[r]esolution of an issue respecting disqualification requires a delicate balance between the interests of the client who desires to retain an attorney of his or her choice against the interests of the opposing party to be free from any risk of opposition by an attorney who had been privy to that litigant's confidence. (*Cardinale v Golinello,* 43 NY2d 288, 294)." (*Saftler v Government Employees Ins. Co.,* 95 AD2d 54, 57.) However, such a balance may not be struck between the competing interests without first resolving the relevant factual disputes and determining what the facts actually are. Where it appears that a substantial issue of fact exists as to whether there is a conflict of interest, the appropriate procedure may be to conduct an evidentiary hearing in advance of disposition of

the motion to disqualify. (See *Kaufman v Kaufman,* 63 AD2d 609; *Saftler v Government Employees Ins. Co., supra,* p 57). This record will not support a resolution of these disputed issues without an evidentiary hearing. Accordingly, the matter is remanded for such a hearing. Concur — Ross, J. P., Carro, Fein, Milonas and Alexander, JJ.