■ JAMES POLI, Individually and as Father and Natural Guardian of JANE POLI, an Infant, Deceased, Respondent, v ROBERT H. GARA et al., Appellants, et al., Defendants. (And Another Title.)—In a medical malpractice action, the defendant Robert Gara appeals from an order of the Supreme

Court, Rockland County (Cerrato, J.), dated February 14, 1985, which granted the plaintiff's motion to (1) disqualify the law firm representing him from further participation in this case; and (2) vacate the findings of a medical malpractice panel and direct that a new panel be convened, and the defendants Nyack Hospital and Anne Marie Rorabaugh appeal, as limited by their notice of appeal and brief, from so much of the same order as vacated the findings of the medical malpractice panel as to them.

On the court's own motion, the appellants' notices and appeal are treated as applications for leave to appeal from so much of the order as vacated the findings of the medical malpractice panel, said applications are referred to Justice Thompson, and leave to appeal is granted by Justice Thompson.

Order reversed, on the law and the facts, without costs or disbursements, and matter remitted to the Supreme Court, Rockland County, for an evidentiary hearing in accordance herewith.

Special Term, in its decision to disqualify the law firm of De Vito, Pilkington & Leggett, attorneys for Robert H. Gara, credited the plaintiff's allegation that the plaintiff James Poli, in 1969, had consulted Anthony De Vito, a partner in that firm, in connection with the instant matter. There is no claim that Mr. De Vito was actually retained.

In his moving papers, the plaintiff stated that Mr. Poli consulted with Mr. De Vito after being referred by another attorney, Thomas Leyden. It was further alleged that a telephone verification had been made of such referral. In his own affidavit, Mr. Poli stated that in the course of the consultation with Mr. De Vito he had transmitted confidential information. To explain the long delay in seeking disqualification, Mr. Poli stated that until November 27, 1984, when he met with his attorney to discuss the findings of the medical malpractice panel, he was unaware of Mr. De Vito's involvement in this action. The plaintiff moved promptly thereafter to disqualify Gara's counsel and to vacate the findings of the medical malpractice panel which had concluded that the appellants were not liable for the infant plaintiff's injuries.

In an affidavit submitted in opposition to the plaintiff's motion, Mr. De Vito denied any knowledge of the consultation with Mr. Poli and claimed he could find nothing in his files to refresh his recollection.

It is a well-established principle of law that an attorney is

duty bound to avoid not only the fact but also the appearance of impropriety *(e.g., People v Shinkle,* 51 NY2d 417, 421; *Cardinale v Golinello,* 43 NY2d 288, 296; Code of Professional Responsibility, Canon 9). Moreover, in order to substantiate a claim of conflict of interest, the movant need not set forth the specifics of the confidential information received during the prior representation, as to do so would undermine the policy considerations underlying Code of Professional Responsibility, Canon 4 *(see, Emle Indus. v Patentex, Inc.,* 478 F2d 562, 571; *Matter of Hof,* 102 AD2d 591, 594). Where a substantial issue of fact exists as to whether there is a conflict of interest, an evidentiary hearing should be held prior to a determination of the motion to disqualify *(see, Elghanayan v Elghanayan,* 107 AD2d 594; *Saftler v Government Employees Ins. Co.,* 95 AD2d 54, 58; *Kaufman v Kaufman,* 63 AD2d 609; *see also, Evans v Artek Sys. Corp.,* 715 F2d 788).

A review of the instant record in its entirety reveals that there are outstanding issues of fact with respect to the alleged conflict of interest. Since the issue of disqualification of the firm of De Vito, Pilkington & Leggett turns on issues of credibility, a determination should not have been made solely on the motion papers. The parties sharply disagree as to whether Mr. De Vito was consulted on the matter before us. We note that the record contains no affidavit from Thomas Leyden, the alleged referring attorney. In addition, the extraordinary period which elapsed between accrual of the cause of action and the motion to disqualify (i.e., 17 years), the alleged consultation and the motion (i.e., 15 years), and the commencement of the action and the motion (i.e., seven years), does suggest that the motion was made for tactical rather than substantive reasons *(see, Lopez v Precision Papers,* 99 AD2d 507). The record in this regard should be more fully developed at the hearing.

A determination of the issue of whether the findings of the medical malpractice panel were properly vacated must await the hearing court's ruling on the question of disqualification. Upon the hearing court's determination with respect to disqualification, the findings of the medical malpractice panel should be reviewed and a new determination made as to whether the findings of the panel should be vacated.

We further note that the Justice at Special Term was not required, as a matter of law, to recuse himself from review of the plaintiffs' motion by reason of his participation on the medical malpractice panel which reviewed the issue of the alleged malpractice *(cf.* Judiciary Law § 14). The question of

whether a Judge should recuse himself to avoid an appearance of impropriety is a matter left to the personal conscience of the court (e.g., *Matter of Johnson v Hornblass*, 93 AD2d 732; *Casterella v Casterella*, 65 AD2d 614). The instant record does not establish an abuse of discretion which would warrant our intervention.

In view of our determination, we do not reach the remaining issues raised by the parties. Gibbons, J. P., Thompson, Niehoff and Kunzeman, JJ., concur.