■ JEFFREY ELGHANAYAN, Appellant, v ROBERT T. IANNUCCI et al., Respondents. JEFFREY ELGHANAYAN, Appellant, v ROBERT T. IANNUCCI et al., Respondents. JEFFREY ELGHANAYAN, Appellant, v ROBERT T. IANNUCCI et al., Respondents. JEFFREY ELGHANAYAN, Appellant, v ROBERT T. IANNUCCI et al., Respondents. JEFFREY ELGHANAYAN, Appellant, v ROBERT T. IANNUCCI et al., Respondents.—Order, Supreme Court, New York County (Leonard N. Cohen, J.), entered June 22, 1988, which denied plaintiff's separate motions for a preliminary injunction seeking, *inter alia,* to bar defendants from transferring vintage motorcycles and related equipment and to appoint a temporary receiver over such chattels, unanimously affirmed, without costs or disbursements.

Order, same court and Justice, entered June 20, 1988, which, *inter alia,* granted defendant Iannucci's motion to disqualify plaintiff's counsel to the extent of referring certain

framed issues with respect thereto for an evidentiary hearing, unanimously modified, on the law and on the facts, to the extent of vacating the reference of the issues of whether plaintiff's attorney had previously represented defendant with respect to any issues related to actions one through four (two of which have been discontinued with prejudice by stipulation subsequent to the argument of this appeal) and whether plaintiff's attorneys had acquired from any such representation confidential information which was material, vacating the stay of proceedings in the remaining actions pending such reference, and, except as thus modified, affirmed, without costs or disbursements.

In this litigation resulting from the estrangement of two former close friends and the termination of their close involvement in a motorcycle racing team, we agree with the motion court's conclusion that plaintiff failed to establish a likelihood of success or any clear right to a preliminary injunction in view of the sharp dispute as to the underlying facts and uncertainty as to the ownership of the particular pieces of motorcycle property of Team Obsolete. Perhaps most significant is the underlying dispute as to the nature of the Team Obsolete venture and plaintiff's ownership interest therein. Similarly, in denying plaintiff's temporary receiver application, the court found an absence of clear proof of the danger of irreparable loss or damage, a conclusion with which we agree. From this record it does not appear that defendant Iannucci intends to proceed in a manner other than a good-faith continuation of the racing schedule in which the motorcycle team has engaged for the past decade.

On the disqualification issue, however, it is clear that Iannucci's claim that attorney Wade was his lawyer in the earlier Rockrose matter, upon which his disqualification motion is partly based, appears to be meritless. Clearly, Wade was cocounsel with Iannucci, an attorney, in representing plaintiff in that matter. In any event, even if the claim had any merit, we find that the Rockrose matter had no substantial relationship to any of the issues in these actions. Thus, this asserted basis for disqualification should have been rejected out of hand. (Ashbaugh v West 13th St. Owners, 77 AD2d 842.) The revelation of confidential information claim should fare no better. As scrutiny of the affidavit reveals, Wade's discussions on the Manhattan real estate were in his capacity as plaintiff's attorney, not Iannucci's. As for the other matters, Iannucci failed utterly to discuss the circumstances of his retention of Wade and he implicitly admitted that he was never

billed for any advice he may have received; nor did he pay a fee therefor. Instead, Iannucci asserted that these discussions took place over dinner while the Rockrose matter was pending and they were working on it together. Thus, Iannucci failed to establish that an attorney-client relationship ever existed between him and Wade but instead established, at best, social conversations as to the motorcycle team's activities. Indeed, this aspect of the disqualification motion appears to be nothing more than a tactical ploy to obtain a protracted delay of the proceedings *(see, e.g., Saftler v Government Employees Ins. Co.,* 95 AD2d 54), since it is only the confidential information claim which supports the stay of proceedings in all four actions.

Iannucci's claim that Wade may be a necessary witness, however, stands on a different footing since it is clear that plaintiff will rely heavily on the claim that Iannucci abused the attorney-client relationship that existed between him and plaintiff. The attorney Wade may well be a witness to that relationship with evidence that may tend to support Iannucci's argument that his actions were neither overreaching nor fraudulent, but reasonable. Wade's casual knowledge of the relationship between plaintiff and Iannucci and their activities concerning the motorcycle team may bear on that subject. Thus, a reference at least on this aspect of the disqualification motion is not inappropriate. The prospective witness claim, however, provides no basis to disqualify plaintiff's present cocounsel, the Roemer & Featherstonhaugh firm; nor is it sufficient to warrant a stay of all other proceedings in the pending actions. Thus, the stay is vacated.

We have examined plaintiff's other contentions and find that they are without merit. Concur—Sullivan, J. P., Carro, Kassal, and Ellerin, JJ.