■ JOEY AVERSA, an Infant, by Her Parent and Natural Guardian, KATHRYN AVERSA, et al., Appellants, v HARVEY TAUBES et al., Defendants, and RUBY MALVA et al., Respondents. [598 NYS2d 804] —In consolidated actions to recover damages for medical malpractice, the plaintiffs appeal from an order of the Supreme Court, Queens County (Rutledge, J.), dated September 30, 1991, which denied their motion to disqualify Lawrence Burnett and the firm of Belair & Evans as the attorneys for the defendants Ruby Malva and Alan Haber.

Ordered that the order is reversed, on the law, with costs, the plaintiffs' motion is granted, Lawrence Burnett and the law firm of Belair & Evans are disqualified from representing the defendants Ruby Malva and Alan Haber in these actions, and no further proceedings shall be taken against the defendants Ruby Malva and Alan Haber in these actions without leave of the court, until the expiration of 30 days after the service upon them personally of a copy of this decision and order, with notice of entry, which shall constitute notice to appoint another attorney under CPLR 321 (c).

The underlying action herein was commenced to recover damages sustained by the infant plaintiff, as a result, *inter alia,* of the alleged malpractice of the defendants Ruby Malva and Alan Haber. The record indicates that (1) Lawrence

Burnett, an attorney representing the defendants Malva and Haber, was formerly associated with the law firm representing the plaintiffs, and (2) during that period, Burnett appeared in court on behalf of the plaintiffs in order to submit a motion for a further deposition of another defendant. Under these circumstances, Burnett cannot continue to represent the defendants Malva and Haber. The Court of Appeals has stated *(Cardinale v Golinello,* 43 NY2d 288, 296): "Irrespective of any actual detriment, the first client is entitled to freedom from apprehension and to certainty that his interests will not be prejudiced in consequence of representation of the opposing litigant by the client's former attorney. (Drinker, Legal Ethics, pp 109, 115.) The standards of the profession exist for the protection and assurance of the clients and are demanding; an attorney must avoid not only the fact, but even the appearance, of representing conflicting interests *(Rotante v Lawrence Hosp.,* 46 AD2d 199; *Edelman v Levy,* 42 AD2d 758). '[W]ith rare and conditional exceptions, the lawyer may not place himself in a position where a conflicting interest may, even inadvertently, affect, or give the appearance of affecting, the obligations of the professional relationship' *(Matter of Kelly,* 23 NY2d 368, 376)". Moreover, the law firm of Belair & Evans, with whom Burnett is presently associated, must also be disqualified from representing the defendants Ruby Malva and Alan Haber, under "the principle of attribution" *(Cardinale v Golinello, supra; Greene v Greene,* 47 NY2d 447, 452, n 3). Accordingly, the plaintiffs' motion to disqualify Lawrence Burnett and the firm of Belair & Evans from representing Malva and Haber is granted. Mangano, P. J., Rosenblatt, Lawrence, Copertino and Joy, JJ., concur.