[609 NYS2d 904]

LIGHTNING PARK, INC., et al., Respondents, v WISE LERMAN & KATZ, P. C., Appellant, et al., Defendants.

First Department, April 12, 1994

APPEARANCES OF COUNSEL

*Peter S. Herman* of counsel *(Sonya M. Kaloyanides* with him on the brief; *McLaughlin & Stern, Alkalay Handler Robbins & Herman,* attorneys), for appellant.

*Allan R. Freedman* for respondents.

## OPINION OF THE COURT

WALLACH, J.

This is an action against plaintiffs' former law firm, alleging breach of contract, attorney malpractice, common-law fraud and breach of fiduciary duty. The appeal is from an order summarily disqualifying the defendant law firm's counsel.

Beginning in 1984-1985, plaintiffs entered into a series of agreements to develop property on West 42nd Street in Manhattan. During those transactions, plaintiffs had legal counsel from Marvin S. Lerman, a member of the firm of Rosenbaum Wise Lerman & Katz (alleged to be the predecessor of defendant firm herein). When plaintiffs were sued in 1986 over a brokerage commission, Lerman referred them to attorney Peter S. Herman, who defended the case to successful resolution in June 1988.

Meanwhile, negotiations continued, with plaintiffs and another developer, Riverside Associates, reaching agreement to take on another partner, S.K.B. 42nd Street Company, provided S.K.B. could obtain financing by March 1988. Prior to that deadline, S.K.B.'s principals, the brothers Steven and Gary Singer, sought a restructuring of the deal which would, *inter alia,* extend S.K.B.'s option period for obtaining financing. Plaintiffs again hired Lerman and his firm to represent them during these negotiations, and Lerman ultimately advised his clients to sign the agreement in May 1988. The renegotiated deal later soured when S.K.B. walked away, leaving plaintiffs holding very heavy financial obligations which they incorrectly assumed had been guaranteed by S.K.B. in the May agreement. In fact, the agreement contained no such guaranties, and Lerman later allegedly admitted to plaintiffs that the negotiated agreement was so complex that he had not fully understood it.

The allegations of attorney malpractice in the present lawsuit go beyond mere incompetence, charging that Lerman abused his position as an escrow trustee and actually had secret contact with the Singer brothers while representing

plaintiffs. The defendant firm avers that plaintiffs knew exactly what they were signing in May 1988, and never sought any modification to reflect otherwise.

The defendant firm is represented by the firm of Alkalay Handler Robbins & Herman. After joinder of issue, plaintiffs moved for disqualification of defendant firm's legal counsel on the ground of conflict of interest, attorney Herman having previously represented plaintiffs in litigation in the early stages of these real estate development transactions. Plaintiffs asserted that Herman would be an important witness in the malpractice suit, and that allowing their former lawyer Herman to represent the firm of their former lawyer Lerman would give the appearance of "professional impropriety". Plaintiffs further claimed that Herman had actually advised them on the May 1988 agreement which Lerman had negotiated for them, and thus had knowledge of plaintiffs' thoughts and strategy regarding the S.K.B. transaction. Herman responded that his relationship with plaintiffs had been strictly limited to legal representation in successfully defending the 1986 brokerage commission litigation, and that he had never discussed any confidences divulged by plaintiffs in that litigation with Lerman or his firm. Furthermore, Herman categorically denied ever discussing the May 1988 agreement with plaintiffs, and denied any personal knowledge of the facts surrounding the S.K.B. transaction, his awareness of those events having derived solely from attorney-client communications with Lerman in the context of the present litigation.

After lengthy consideration, the IAS Court, without setting forth any factual basis or legal analysis supporting disqualification, granted the motion. The defendant firm appeals.

At issue here is the basic right of a civil litigant to legal counsel of his choice. As a counterweight to that proposition, the law recognizes that the choice of a particular lawyer might put the challenging party at an unfair disadvantage, either because the lawyer has previously been privy to certain confidences disclosed by the challenging party, or because the lawyer will necessarily be called as a witness by either side. In some cases, where the facts are undisputed or conclusions are apparent, a motion to disqualify will admit of summary disposition on papers. But in many cases the inquiry is not susceptible of such treatment, where either factual conflicts or other subtleties are present. We hold that the papers in support of the challenge herein did not justify summary disqualification.

It appears that as the late stages of the brokerage commission litigation proceeded apace with the negotiations leading to the May 1988 agreement, Herman's representation in the former paralleled Lerman's in the latter. The question on the motion to disqualify herein was whether those representations intersected at any point. The burden is on the movant to establish a substantial relationship between the issues in the present litigation and the subject matter of the prior representation *(Saftler v Government Empls. Ins. Co.,* 95 AD2d 54, 57). That burden was not met on the papers submitted, and thus summary disqualification was unwarranted *(Matter of Prudential Sec. v Wyser-Pratte,* 187 AD2d 306).

In order to meet the "substantial relationship" test, the issues in the present litigation must be " 'identical to' " or " 'essentially the same' as" those in the prior case before disqualification will be granted *(Dinger v Gulino,* 661 F Supp 438, 444 [ED NY]). Herman's mere representation of plaintiffs at some earlier point would not constitute a bar to his representation of plaintiffs' adversary herein *(District Council 37 v Kiok,* 71 AD2d 587). The issues in the 1986 brokerage commission action involved whether there had been a meeting of minds between Berel Light and his broker on the contractual terms for sale of the property, whether the claimed commission was barred by terms of the written brokerage agreement, and whether that written agreement had been replaced by an inconsistent oral agreement. The present case involves entirely different issues revolving around whether Light had fully understood the provisions of the May 1988 agreement with regard to establishment and maintenance of an escrow account, whether attorney Lerman had exercised proper care in representing Light in negotiating that agreement, whether Lerman's alleged relationship with the Singer brothers constituted an impermissible conflict of interest with respect to his representation of Light, and whether Lerman had abused his position as escrow account trustee under the May agreement.

Absent a substantial relationship between the 1986-1988 litigation and the present case, disqualification would be warranted only upon a showing that in the prior action Herman had received specific confidential information substantially related to the present litigation *(Saftler v Government Empls. Ins. Co., supra)*. In light of Herman's categorical denial of any such disclosure, and the absence of any evidence of same in this record, the IAS Court should at least have directed a hearing before granting the drastic measure of disqualification

*(Kaufman v Kaufman,* 63 AD2d 609; *cf., Saftler v Government Empls. Ins. Co., supra,* at 58).

As to the assertion that Herman would be a "seminal fact witness" in the present action, plaintiffs carry the burden of establishing that Herman's participation as adversary counsel would constitute a violation of Code of Professional Responsibility DR 5-102 (A) (22 NYCRR 1200.21 [a]), which calls for withdrawal as counsel when it becomes "obvious that the lawyer ought to be called as a witness". Plaintiffs' conclusory allegations in this regard fall far short of meeting that burden *(see, Lefkowitz v Mr. Man,* 111 AD2d 119, 120-121, *appeal dismissed* 65 NY2d 1053).

The order of Supreme Court, New York County (Diane A. Lebedeff, J.), entered January 11, 1993, granting plaintiffs' motion to disqualify the firm of Alkalay Handler Robbins & Herman as attorneys for defendant Wise Lerman & Katz, P. C., should be reversed, on the law and the facts, and the matter should be remanded for an evidentiary hearing on the motion, without costs.

CARRO, J. P., ROSS, RUBIN and WILLIAMS, JJ., concur.

Order, Supreme Court, New York County, entered January 11, 1993, which granted plaintiffs' motion to disqualify defendant-appellant's counsel, reversed, on the law and the facts, without costs, and the matter remanded for an evidentiary hearing on the motion.