■ S.S.I.G. REALTY, INC., Appellant, v BOLOGNA HOLDING CORP. et al., Respondents. [624 NYS2d 225] —In an action to recover damages, *inter alia,* for fraud, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Vaccaro, J.), dated October 27, 1993, which granted the defen-

dants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) without prejudice to bring a summary proceeding in New York City Civil Court, and (2) an order of the same court dated April 13, 1994, which denied its motion for renewal.

Ordered that the order dated April 13, 1994, is reversed, without costs or disbursements, the plaintiff's motion for renewal is granted, and, upon renewal, the defendant's motion to dismiss the complaint is granted to the extent of dismissing the first, second, fifth, sixth, and seventh causes of action, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith; and it is further,

Ordered that the order dated October 27, 1993, is modified accordingly, without costs or disbursements.

The plaintiff commenced this action alleging that the defendants had fraudulently induced it to enter into a lease with the defendant Bologna Holding Corp. (hereinafter Bologna) with the intention that the defendant M&Q Fuel Oil Corp. (hereinafter M&Q) would be the real tenant. The plaintiff alleged that Bologna had failed to pay rent pursuant to the lease. Thus, M&Q was insulated from liability for failure to pay rent. The plaintiffs sought damages in excess of $40,000.

The defendants moved to dismiss the complaint, arguing, *inter alia,* that the plaintiff had not properly pleaded a cause of action to recover damages for fraud and that it had actually pleaded a cause of action to recover past due rent. Prior to the Supreme Court rendering its decision on the defendants' motion, the plaintiff commenced a summary proceeding against the defendants in New York City Civil Court. However, since the defendants had already vacated the demised premises, the parties stipulated to dismiss the summary proceeding. Thereafter, the Supreme Court granted the defendants' motion to dismiss the complaint without prejudice to the plaintiff to bring a summary proceeding in New York City Civil Court. The plaintiff then moved to renew, arguing, *inter alia,* that it had no forum in which to pursue its claims. The Supreme Court denied renewal.

The plaintiff's complaint fails to allege the essential elements of a fraud cause of action and does not set forth in detail the circumstances constituting the alleged fraud *(see,* CPLR 3016; *Barclay Arms v Barclay Arms Assocs.,* 74 NY2d 644; *Channel Master Corp. v Aluminium Ltd. Sales,* 4 NY2d 403, 406-407). In addition, no cause of action to recover damages for fraud arises when the only fraud alleged relates to a

breach of contract *(see, Courageous Syndicate v People-To-People Sport Comm.,* 141 AD2d 599). Thus, the defendants are entitled to dismissal of the plaintiff's first and second causes of action sounding in fraud. The fifth, sixth, and seventh causes of action for possession of the demised premises and ejectment are also dismissed as academic since the defendants have already vacated the demised premises. The plaintiff's cause of action to recover past due rent cannot be pursued in New York City Civil Court where the jurisdictional limit is $25,000 (CCA 202). Therefore, the plaintiff is entitled to proceed in the Supreme Court upon its third cause of action for a judgment declaring that M&Q was the de facto tenant of the demised premises and upon its fourth cause of action to recover past due rent. Balletta, J. P., Thompson, Santucci, Altman and Hart, JJ., concur.