■ In the Matter of the Estate of KATALIN T. HOMOLA, Also Known as KATALIN HOMOLA, Deceased. LOUIS PATKOS, Appellant; STEPHANIE PILENYI, Respondent. [651 NYS2d 83] —In a probate proceeding, Louis Patkos appeals from an order of the Surrogate's Court, Queens County (Nahman, S.), dated June 20, 1995, which granted the motion of Stephanie Pilenyi to disqualify his counsel.

Ordered that the order dated June 20, 1995, is reversed, on the law, with costs payable by Stephanie Pilenyi personally, and the motion of Stephanie Pilenyi to disqualify counsel for Louis Patkos is denied.

The appellant, Louis Patkos, and the respondent, Stephanie Pilenyi, are brother and sister. After the death of their sister, the decedent Katalin T. Homola, they jointly hired an attorney, Diahn McGrath, to represent them in contesting a will purported to be that of Homola. After hiring a handwriting expert to contest the authenticity of the purported will, the proceeding was settled by the withdrawal of the purported will. Thereafter, Patkos and Pilenyi each sought to be appointed administrator of Homola's estate. Eventually, Patkos

and Pilenyi became coadministrators of the estate, with McGrath representing Patkos and Pilenyi being represented by her own counsel. No objection was made by Pilenyi to McGrath's representation of Patkos. The administration of the estate thereafter became highly contentious and Pilenyi was removed as coadministrator for cause. Many months later, when Patkos submitted an accounting for the estate, Pilenyi filed objections and, for the first time, moved to have McGrath disqualified as counsel for Patkos. The Surrogate's Court granted the motion, finding an appearance of impropriety, and Patkos appeals. We now reverse.

The granting or denying of a motion to disqualify an attorney is in the sound discretion of the court (see, *Juergens v Schanman,* 182 AD2d 740). In general: "A party seeking to disqualify an attorney or a law firm must establish (1) the existence of a prior attorney-client relationship and (2) that the former and current representation are both adverse and substantially related" (*Solow v Grace & Co.,* 83 NY2d 303, 308; see also, *Tekni-Plex, Inc. v Meyner & Landis,* 89 NY2d 123).

Here, although Pilenyi had a prior attorney-client relationship with McGrath, Pilenyi has not proffered, and the record does not reveal, that McGrath's representation of Patkos and Pilenyi in the initial will contest proceeding and her representation of Patkos in the administration of the estate were either substantially related or adverse. Pilenyi does not argue, and there are no facts which would support a finding, that the will contest in any way concerned or touched upon the substance of Homola's estate or required Pilenyi to impart any confidential information to McGrath. Indeed, although brought on as a motion to disqualify McGrath on the ground of conflict of interest, it is clear that Pilenyi's complaints and allegations concerning McGrath arise from her work in connection with the administration of Homola's estate, not from any relationship between the parties that arose during the will contest. Thus, there is nothing to suggest an appearance of impropriety concerning McGrath's representation of Patkos in the present proceeding (see, *Cardinale v Golinello,* 43 NY2d 288; *Feeley v Midas Props.,* 199 AD2d 238; *Aversa v Taubes,* 194 AD2d 579; *Lopez v Precision Papers,* 99 AD2d 507). Accordingly, the court improvidently exercised its discretion in disqualifying McGrath. Rosenblatt, J. P., Miller, Ritter and Florio, JJ., concur.