■ WALLACE DILLON, Appellant, v VALCO AMERICAN CORP. et al., Respondents. [789 NYS2d 74]—

In action to recover damages for breach of contract and fraud, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Jones, J.), dated January 5, 2004, which granted the defendants' motion to disqualify the law firm of Wolin & Wolin from representing him in this action and to dismiss the sixth cause of action for failure to state a cause of action sounding in fraud against the individual defendant.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the sixth cause of action is reinstated.

The Supreme Court erred in granting that branch of the defendant's motion which was to disqualify the plaintiff's counsel. The defendants contended that the plaintiff's counsel should have been disqualified based on its prior representation of the corporate defendant and its prior representation of the plaintiff in his divorce from the individual defendant in which the plaintiff's counsel allegedly obtained confidential information from each of the defendants. However, this contention was supported only by conclusory allegations. They failed to show that counsel actually obtained relevant confidential information

from the defendants during the course of the earlier representation. Nor did they show that allowing the continued representation of the plaintiff would create the appearance of impropriety (*see Olmoz v Town of Fishkill,* 258 AD2d 447 [1999]; *Matter of Homola,* 234 AD2d 295 [1996]; *see also Nesenoff v Dinerstein & Lesser, P.C.,* 12 AD3d 427 [2004]; *cf. Nationwide Assoc. v Targee St. Internal Med. Group,* 303 AD2d 728 [2003]; *Aversa v Taubes,* 194 AD2d 579, 580 [1993]).

The Supreme Court should not have granted that branch of the defendants' motion which was to dismiss the plaintiff's sixth cause of action for failure to state a cause of action sounding in fraud against the individual defendant. The plaintiff's allegations, if proven, would be sufficient to warrant piercing the corporate veil and holding the individual defendant liable in fraud for her own individual tortious actions (*see Matter of Morris v New York State Dept. of Taxation & Fin.,* 82 NY2d 135, 141 [1993]; *Channel Master Corp. v Aluminium Ltd. Sales,* 4 NY2d 403, 406 [1958]; *Old Republic Natl. Tit. Ins. Co. v Moskowitz,* 297 AD2d 724, 725 [2002]; *cf. S.S.I.G. Realty v Bologna Holding Corp.,* 213 AD2d 617 [1995]; *see generally Becker v Schwartz,* 46 NY2d 401, 408 [1978]). Florio, J.P., Krausman, Goldstein and Mastro, JJ., concur.