■ HANZ ANDRE et al., Plaintiffs, v CITY OF NEW YORK et al., Defendants. (Action No. 1.) GREEN BUS LINES, INC., et al., Respondents, v CITY OF NEW YORK, Defendant, and METROPOLITAN TRANSPORTATION AUTHORITY, Appellant. (Action No. 2.) [796 NYS2d 172]—

In two related actions which were joined for trial, inter alia, to enjoin the defendants City of New York and Metropolitan Transportation Authority from transferring certain transit operations until the Metropolitan Transportation Authority agreed to be bound by the terms of an agreement entered into

by the defendant City of New York in 1975, the Metropolitan Transportation Authority appeals (1) from an order of the Supreme Court, Queens County (Hart, J.), dated October 5, 2004, which granted the motion of the plaintiffs in action No. 2 to disqualify the law firm Proskauer Rose, LLP, from representing the defendant Metropolitan Transportation Authority in that action, and (2), as limited by its brief, from so much of an order of the same court dated December 23, 2004, as, upon reargument, adhered to its original determination.

Ordered that the appeal from the order dated October 5, 2004, is dismissed, as that order was superseded by the order dated December 23, 2004, made upon reargument; and it is further,

Ordered that the order dated December 23, 2004, is reversed insofar as appealed from, on the law and the facts and as a matter of discretion, with one bill of costs, upon reargument, the order dated October 5, 2004, is vacated, and the cross motion is denied.

The Supreme Court improvidently exercised its discretion in granting the motion of the plaintiffs in action No. 2 (hereinafter the plaintiffs) to disqualify the law firm Proskauer Rose, LLP (hereinafter the law firm), from representing the defendant Metropolitan Transportation Authority (hereinafter the MTA) as trial counsel in that action. The plaintiffs' contentions were supported only by conclusory allegations that failed to set forth the nature of the confidential information allegedly obtained by the firm or show that there was a reasonable probability that such information would be disclosed during the course of this litigation (*see Jamaica Pub. Serv. Co. v AIU Ins. Co.*, 92 NY2d 631 [1998]; *Dillon v Valco*, 14 AD3d 589 [2005]; *Wissler v Ashkinazy*, 299 AD2d 352, 352-353 [2002]; *Olmoz v Town of Fishkill*, 258 AD2d 447, 448 [1999]; *Petrossian v Grossman*, 219 AD2d 587 [1995]). Nor did the plaintiffs show that allowing the law firm to continue its representation of the MTA would create the appearance of impropriety (*see Olmoz v Town of Fishkill, supra; Matter of Homola*, 234 AD2d 295 [1996]; *see also Nesenoff v Dinerstein & Lesser, P.C.*, 12 AD3d 427 [2004]). Schmidt, J.P., S. Miller, Santucci and Mastro, JJ., concur.