OPINION OF THE COURT
Rolando T. Acosta, J.
*395 The issue before the court is whether an attorney who has previously issued two advisory opinions concerning the issuing of shares by a brokerage firm to one of the firm’s principals in exchange for the principal’s contribution of additional capital to the firm is precluded by Code of Professional Responsibility DR 4-101 and DR 5-108 (22 NYCRR 1200.19, 1200.27) from later representing a former employee of that firm in arbitration based on the alleged failure of the brokerage firm to pay commission fees and monies owed to the employee under two promissory notes.
On or about June 2004, petitioner First Hudson Financial Group, Inc. retained the services of respondent Brian Neville, Esq. for the purpose of issuing an advisory opinion concerning First Hudson issuing additional shares to one of its principals, Yuet Wong, in exchange for Wong’s capital contribution to the firm. On or about July 2004, Neville was again retained by First Hudson to issue an advisory opinion for a subsequent transaction between Wong and First Hudson, in which Wong contributed additional capital to First Hudson in exchange for more shares in the firm.
Respondent John Martinos became employed as a registered representative at First Hudson in November 2003. On March 18, 2004, Martinos executed a promissory note in which he loaned First Hudson $10,000, with an annual interest rate of two percent. In May 2004, Martinos executed another promissory note in which he loaned First Hudson $12,500 at an annual interest rate of two percent. In December 2004, pursuant to an agreement between Martinos and First Hudson in which any dispute arising out of Martinos’ employment with First Hudson would be subject to arbitration and decided by the New York Stock Exchange Arbitration Department, Martinos filed an arbitration claim against First Hudson through his attorney, Brian Neville. The claim asserted that First Hudson failed to pay Martinos the monies owed to him under the two promissory notes, as well as failing to pay him the total of his commissions. In total, Martinos’ arbitration claim was in the amount of approximately $33,569.46.
In February 2005, First Hudson filed a statement of answer admitting it owed Martinos the monies due on the promissory notes, but disputing the validity of his claim for unpaid commissions. In its statement of answer, First Hudson also requested that Neville recuse himself from representing Martinos due to his prior role in issuing the two advisory opinions on behalf of *396 First Hudson to the New York Stock Exchange (NYSE). According to First Hudson, in drafting the advisory opinions, Neville gained confidential information regarding First Hudson’s financial situation that would compromise its position in the arbitration proceeding. In response to the statement of answer, NYSE issued a letter stating it does not have the authority to decide whether an attorney is qualified to represent a party to an arbitration. Thus, First Hudson is presently before this court to seek a ruling as to whether or not Neville should be disqualified from representing Martinos in the current NYSE arbitration proceeding. Respondents in turn cross-move for sanctions against First Hudson pursuant to 22 NYCRR 130-1.1, claiming that First Hudson’s application to disqualify Mr. Neville is frivolous and is brought for the improper purpose of delaying the NYSE arbitration hearing.
DR 5-108 (a) of the Code of Professional Responsibility provides that:
“[A] lawyer who has represented a client in a matter shall not, without the consent of the former client after full disclosure:
“(1) Thereafter represent another person in the same or substantially related matter in which that person’s interests are materially adverse to the interests of the former client. . . [; or]
“(2) Use any confidences or secrets of the former client except as permitted by . . . [DR 4-101 (c )] or when the confidence or secret has become generally known.”
DR 4-101 (a) in turn defines a confidence as an information protected under the attorney-client privilege and secret as “other information gained in the professional relationship that the client has requested be held inviolate or the disclosure of which would be embarrassing or would be likely to be detrimental to the client.” Moreover, DR 4-101 (b) states that a lawyer is not permitted to reveal a confidence or secret of a client or use a confidence or secret of a client to the disadvantage of the client.
In the present action, First Hudson claims that Brian Neville, Esq. is in violation of Code of Professional Responsibility DR 5-108 and DR 4-101 in representing John Martinos against First Hudson in the Martinos’ arbitration claim. The court disagrees.
The court recognizes that the importance of preserving client confidences and secrets requires that all doubts be resolved in *397 favor of attorney disqualification. The court, however, is also cognizant both that disqualification interferes with a party’s right to retain counsel of his choice, and, in the current reality of litigation, disqualification motions are often utilized as a tactical tool. Therefore, motions to disqualify an attorney are subject to a high burden of proof. (Hickman v Burlington Bio-Med. Corp., 371 F Supp 2d 225 [ED NY 2005].) Moreover, the appearance of impropriety, without more, is insufficient to grant a motion to disqualify. (Matter of Stephanie X., 6 AD3d 778 [3d Dept 2004]; United States Football League v National Football League, 605 F Supp 1448 [SD NY 1985].)
Petitioner seeks to disqualify Neville from representing respondent in his arbitration claim before the NYSE Arbitration Department arguing that a conflict of interest is created by Neville’s current representation of respondent and Neville’s previous representation of petitioner. In order to disqualify an attorney on conflict of interest grounds, the moving party must not only establish the existence of the prior attorney-client relationship, but must also show that “the former and current representations are both adverse and substantially related.” (Solow v Grace & Co., 83 NY2d 303, 308 [1994].) First Hudson has failed to meet this burden inasmuch as it is unable to demonstrate that Neville’s advisory opinion regarding First Hudson issuing additional stock to one of its principals is adverse to his current representation of a former employee of First Hudson seeking arbitration for alleged unpaid commissions. The opinion letters dealt with NYSE rules concerning capital contributions, and would not have an adverse impact either way on the issue of whether First Hudson indeed owed Martinos commission fees.
The former and current representations are distinct and unrelated, and contrary to petitioner’s assertion, not substantially related. Neville’s prior representation of First Hudson dealt with the issue of petitioner issuing shares to one of its principals in exchange for capital contribution, while the present issue is based on failure to pay Martinos commissions owed to him. Petitioner merely sets forth conclusory allegations that Neville’s prior representation put him in the position of receiving confidential information that is substantially related to his present representation and which would unfairly disadvantage petitioner. This is inadequate to warrant attorney disqualification. (See Andre v City of New York, 19 AD3d 340 [2d Dept 2005]; see also Jamaica Pub. Serv. Co. v AIU Ins. Co., 92 NY2d *398 631, 638 [1998] [“While a movant need not actually spell out the claimed secrets and confidences in order to prevail, it must at a minimum provide the motion court with information sufficient to determine whether there exists a reasonable probability that DR 5-108() would be violated”].) Thus, disqualification in the present case is denied as petitioner has failed to satisfy the “substantially related” test. (See Lightning Park v Wise Lerman & Katz, 197 AD2d 52, 55 [1st Dept 1994] [in order to meet the substantial relationship test, the issues in the present action must be “identical” or “essentially the same” as those in the prior case].)
Petitioner, having failed to demonstrate the existence of adverse interest or a substantial relationship between the prior and current proceeding, can only prevail “upon a showing that in the prior action [Mr. Neville] had received specific confidential information substantially related to the present litigation.” (Lightning Park v Wise Lerman & Katz, 197 AD2d 52, 55 [1st Dept 1994].) Petitioner has failed to make such a showing, only conclusorily claiming that Mr. Neville obtained information about the general financial information of the firm. As noted, Mr. Neville’s prior work for petitioner involved an advisory opinion based on the issuance of shares to one of the firm’s principals, which was in no way connected to whether or not petitioner justifiably failed to pay Martinos’ earned commissions. Indeed, if the former “client’s background is not at issue, then an attorney’s knowledge of the client’s general business and financial background is not a proper basis for disqualification.” (Hickman v Burlington Bio-Med. Corp., 371 F Supp 2d 225, 230 [ED NY 2005].) In fact, brokerage firms such as First Hudson are required under the Securities and Exchange Commission (SEC) to file detailed financial disclosures with the National Association of Securities Dealers, SEC and NYSE, as well as sending to each of its clients a complete set of the firm’s financial statements each year. Inasmuch as petitioner has failed to demonstrate that Neville possesses confidential information substantially related to the present action that warrants disqualification, Martinos’ valued right of selecting counsel of his choice will not be disrupted by the court. (See Olmoz v Town of Fishkill, 258 AD2d 447 [2d Dept 1999].)
Respondents in turn cross-move, arguing that First Hudson’s application to disqualify Neville is without merit and utilized simply to delay arbitration, thus warranting sanctions. While it is true that courts have become increasingly weary of disqualifi *399 cation motions inasmuch as they are often used as part of dilatory tactics (see S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., 69 NY2d 437 [1987]; Matthews v LeBoeuf Lamb, Greene & MacRae, 902 F Supp 26 [SD NY 1995]), in the present action, the court finds that First Hudson neither acted in bad faith nor improperly in bringing this disqualification application. There was a good faith dispute between the parties as to whether or not Neville possessed confidential information about First Hudson that could be used to its disadvantage in the arbitration proceeding. First Hudson was logically and understandably concerned about such a scenario. Indeed, prior to bringing this application, First Hudson sought an opinion from the disciplinary committee regarding Mr. Neville’s participation in the underlying dispute and was specifically told to seek judicial intervention given the committee’s jurisdictional limitations. This further buttresses First Hudson’s assertion that it was genuinely concerned with Neville’s representation given he may possess confidential information which could be used, even inadvertently, to petitioner’s disadvantage in the arbitration proceeding. It was this legitimate concern rather than an attempt to delay which appears to have led to petitioner’s motion. To be sure, the court will pay careful attention to the litigation to ensure there is no tactical advantage or exploitation of confidential information on the part of respondents.
Accordingly, it is ordered that petitioner’s application to disqualify Brian Neville, Esq. from representing John Martinos before the New York Stock Exchange Arbitration Department is denied; and it is further ordered that respondent’s cross motion for sanctions pursuant to 22 NYCRR 130-1.1 against petitioner is also denied.
[Portions of opinion omitted for purposes of publication.]